15720

## GLOBE INDEMNITY COMPANY v. COOPER MOTOR LINES, INC.

(33 S. E. (2d), 405)

*Mr. Hunter A. Gibbes,* of Columbia, S. C., Counsel for Appellant,

*Mr. Charles F. Cooper,* of Columbia, S. C., Counsel for Respondent,

March 8  1945.

The unanimous Opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE:

The appeal is from an order of the Circuit Court overruling plaintiff's demurrer interposed to the fifth defense and to the sixth defense of defendant.

As shown by the allegations of the complaint, the plaintiff issued to a corporation known as Cooper Motor Express,

a policy of liability insurance on or about May 22, 1941, for a period of one year. This policy provided for bodily injury and for property damage. The premium was based on a percentage of the gross revenue of the corporation.

On or about March 16, 1942, the above-named corporation underwent a change of name, and was known thereafter as Cooper Motor Lines, Inc., whereupon a second policy, including the same terms and provisions as the first, was issued, as of that date, to expire on May 22, 1942. It is alleged that the defendant paid to the plaintiff the sum of $803.60, as a part of the premium due, and judgment is prayed for an alleged balance of $1,688.84. A statement of the account and a copy of the policy sued on are annexed to and made a part of the complaint. This action is founded upon the second policy.

The respondent, Cooper Motor Lines, Inc., alleged in its fifth defense, that the contract of insurance was not signed by the party to be charged therewith, was not to be performed within a year, and was, therefore, void under the statute of frauds (Code, § 7044), and not binding upon the defendant.

It seems to be clear that the defendant in setting up this defense has misapprehended the allegations of the complaint and the identity of the contract sued upon. The plaintiff alleges a written contract of insurance and not a parol agreement. Moreover, an oral contract of insurance is not within the statute of frauds, since it may be completely performed within a year upon the happening of a contingency. *Mendelsohn v. Banov & Volaski*, 57 S. C., 147, 35 S. E., 499; *Sanford v. Orient Ins. Co.*, 174 Mass., 416, 54 N. E., 883, 75 Am. St. Rep., 358; *Croft v. Hanover Fire Ins. Co.*, 40 W. Va., 508, 21 S. E., 854, 52 Am. St. Rep., 902. And see Annotations, 15 A. L. R., 1020, 69 A. L. R., 573, 92 A. L. R., 239. This defense is in no sense responsive to

the complaint, and the demurrer as to it should have been sustained.

The sixth defense sets up a counterclaim which is based upon the following allegations: It is alleged that the two policies referred to in the complaint were not properly written or countersigned by an authorized agent doing business in South Carolina, in violation of Section 7968 of the Code, which provides a penalty in the sum of $1,000.00 as to each insurance policy thus illegally issued. Judgment is demanded against the plaintiff by way of countterclaim in the sum of $2,000.00.

The question for determination is whether these two alleged statutory penalties are properly included in a counterclaim in an action on a contract for the recovery of the balance of the premium due. The answer to this question must be found in the construction and application of Section 468 of the Code relating to counterclaims. The plaintiff contends that the counterclaim fails to comply with the requirements of this Code section, which provides:

"The counterclaim mentioned in section 467 must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"(2) In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

A casual inspection of the allegations of the counterclaim discloses, we think, that it does not arise from subsection (1) of the section quoted. The cause of action set forth in the complaint as the foundation of the plaintiff's claim is a

contract of insurance upon which it is alleged there is a balance due. The counterclaim cannot be said to be based upon this contract or transaction, nor is it connected with the subject of the action. Nor can the counterclaim be referred to subsection (2), in that the counterclaim is not based upon contract.

Furthermore, it is said in 47 Am. Jur., § 35, p. 735: "A statutory penalty generally cannot be used as a setoff or counterclaim. The remedy given by the statute for the wrong is a penal suit. To that the party aggrieved or his legal representative must resort. He can have redress in no other mode or form of procedure. While the plaintiff in such cases, on making out the facts, has a clear right to recover, the defendant has a right to insist that the prosecution shall be by a suit brought specially and exclusively for that purpose, where the sole issue is the guilt or innocence of the accused, without the presence of any extraneous facts which might confuse the case and mislead the jury to the prejudice of either party * * *."

It is generally held that where only recovery by direct action is expressly provided by statute, the statutory penalties may not be recovered by way of counterclaim or other defensive pleading This is in pursuance of the rule requiring strict construction of statutes imposing penalties. 66 C. J., § 398, p. 360.

The defendant claims to be a statutory beneficiary under Code, § 7968, which in our opinion provides for a direct action only for the recovery of the penalties therein provided "by any citizen of this State having a policy of insurance in said company."

The situation here is quite different from the usury statute, Code, § 6740, which provides that the penalties therein imposed may be "collected by a separate action or allowed as a counterclaim in any action brought to recover the

principal sum." Some of the cases applying this rule of pleading are: *Farmers' Union Mercantile Co. v. Anderson,* 108 S. C., 66, 93 S. E., 422; *Land Mortgage Inv., etc. Co. v. Gillam,* 49 S. C., 345, 26 S. E., 990, 29 S. E., 203; *Loan & Exchange Bank v. Miller,* 39 S. C., 175, 17 S. E., 592; *Carolina Savings Bank v. Parrott,* 30 S. C., 61, 8 S. E., 199.

It follows from what we have said, that the demurrer should also have been sustained with reference to the counterclaim set up in the sixth defense of the answer.

Judgment reversed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.