**OLIVER et al. v. UNITED STATES.**

**No. 10819.**

Circuit Court of Appeals, Ninth Circuit.

June 6, 1945.

Zagon, Aaron and Sandler, Nathan Swartz, and Ray Sandler, all of Los Angeles, Cal., for appellants.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, Frank J. Ready, and Helen Goodner, Sp. Assts. to Atty. Gen., and Charles H. Carr, U. S. Atty., Edward H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court dismissing an amended complaint for the recovery on three claims for refund of taxes alleged to have been overpaid in the calendar tax years 1935, 1936, and 1937. The suit was against the United States, the Collector of Internal Revenue who collected the several taxes paid in the three years being in office when the original complaint was filed.

The amended complaint was filed after the period of the statute of limitations had passed. The aggregate of the three claims in the amended complaint is and its prayer is for less than $10,000. In the original complaint each claim was for less than $10,000: That is $7,351.59 for 1935; $6,723.10 for 1936; $6,694.02 for 1937, of which the aggregate for the three years was $20,768.71. The complaint prayed for judgment for this total of the several claims.

Though the government admits that there is no case holding that the United States District Court loses its jurisdiction of the several claims of less than $10,000 if pleaded in a single complaint in which the aggregate matter in controversy is for more, the record shows no opinion of that court for our guidance as to the ground of its dismissal, and the aid to us which we appreciate. We assume that it held that the amended complaint for an aggregate of less than $10,000, filed after the statutory period for beginning the proceeding, could not establish a jurisdiction when the aggregate of the three claims in the original complaint exceeded $10,000.

That is to say, as to the original complaint, the district court's holding would seem to be that, though that court had "or-

iginal jurisdiction * * * of *all claims* not exceeding $10,000 founded upon * * * any law of Congress,"[1] it loses that jurisdiction if "all" the taxpayer's claims for less than $10,000 each are sued for in a single complaint.

The government's brief properly admits that Congress intended the above provision of the Tucker Act for the relief of taxpayers with small refund claims from the expense of bringing suits in the distant Court of Claims in the District of Columbia. Yet it insists that Congress intended that such taxpayers must bring a separate suit in the district court on each claim, with its attendant expense of legal services, court costs, and waste of judicial and clerical effort. The income tax amendment succeeded the Tucker Act. An analogous situation contemplated by Congress at the time of the passage of the Act is that of a small contractor. He has a contract with the Navy Department for repairs at the Navy Yard at Mare Island for which he has a claim for $5,000 arising in 1887; another with the Treasury Department for $2,000 arising in 1888 for repair of the Mile Rock Lighthouse in San Francisco Bay; and another with the War Department arising in 1889 for $4,000 for the building of a fence around the Army Reservation of the Presidio of San Francisco. Can it be said that he has a single claim of $11,000 for the aggregate of the three claims, which he must go to Washington with his witnesses to litigate in the Court of Claims?

We are unable to see anything in the statute which warrants the contention that Congress intended to impose upon the small claimants, including taxpayers, such an expensive procedural absurdity. Our whole system for recovery of tax overpayments treats as a separate unit the single calendar or fiscal tax year. Heiner v. Mellon, 304 U.S. 271, 274, 58 S.Ct. 926, 82 L.Ed. 1337, and cases cited. The term "claim" is a statutory one for the recovery of taxes illegally collected. 26 U.S.C. 3772, 26 U.S.C.A.Int.Rev.Code, § 3772. Nothing in our income tax law considers a taxpayer as having a single aggregate claim of his several claims for refunds for several different tax years.

To sustain the government's contention would require us to ignore the significant difference between the language of the preceding sections of 28 U.S.C. 41, 28 U.S.C.A.

§ 41, and paragraph 20, here involved. The first preceding section following the opening sentence "The district courts shall have original jurisdiction" reads "First. Of all *suits* of a civil nature, * * * where the *matter in controversy* exceeds * * * $3,000." Many other paragraphs begin similarly with the words "Of all suits." These are followed by the instant paragraph 20, respecting "claims" rather than suits upon claims, which, as enacted in 1911, reads

"Twentieth. Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress. * * *."

In effect the government asks us to revamp the language of 28 U.S.C., Sec. 41 (20), 28 U.S.C.A. § 41(20), to read

"The district courts shall have original jurisdiction as follows: * * *

"Twentieth. Concurrent with the Court of Claims, of all [suits upon] claims [in which the total matter in controversy is] not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress * * *."

We feel we cannot so amend paragraph 20 as if it concerned the total "matter in controversy" as in the preceding paragraph 1 of the same section of the Act.

We are unable to agree with the government that the words "in all cases" in the following language of Mr. Tucker in explaining his bill on the floor of the House, means "in all suits":

"The object of the bill is this: It extends the jurisdiction of the Court of Claims beyond the mere contract obligations of the Government to obligations of all kinds * * *. The bill also gives concurrent jurisdiction to the [then] Circuit Court of the United States in the locality where the *claim* originates or where the party plaintiff resides, to consider all *claims* concurrently with the Court of Claims *up to the amount of $10,000.* The Court of Claims has jurisdiction with the circuit courts as to all claims, and under this bill the circuit courts will have concurrent jurisdiction with the Court of Claims *in all cases up to the amount of $10,000.*" (Emphasis supplied.) 18 Cong.Record, Part 1, p. 622.

On the contrary, his succeeding statement

---

[1] 28 U.S.C., Sec. 41(20), 28 U.S.C.A. § 41(20).

on the floor shows the words "in all cases up to the amount of $10,000" means in all instances of claims up to $10,000. In the following colloquy it is clear that it was the amount of the *claim* not of the *suit* for an aggregate of claims which Mr. Tucker's committee thought should be protected by "the head of the Department" in the suit in the Court of Claims in Washington:

"Mr. Breckenridge of Kentucky. Why is it that in the first section of the bill the jurisdiction of the circuit and district courts of the United States is limited to such sums as do not exceed $10,000? What is it that jurisdiction should not be made so all claims should be filed in the circuit and district courts?

"Mr. Tucker. Upon full consideration by the committee it was thought where a *claim exceeded $10,000* it would be better *and* safer for the Government *it should be where the head of the Department may be present to protect the Government.*

"Mr. Breckenridge of Kentucky. That throws on the Court of Claims the entire business—a fleet of cases—including the $15,000,000 of Indian claims—all claims exceeding $10,000. In the second place, if the gentleman allows me, I will make the suggestion it *takes a claimant far away from his home, and before a court which must be very much crowded with business.*

"Mr. Tucker. My friend from Kentucky will remember this bill is in relief of claimants. If the claims are under $10,000 he has to come there today." (Emphasis supplied.) 18 Cong.Record, Part 1, p. 624.

We cannot believe that the head of a Department in Washington, who does not need to consider each claim if pleaded in one of three separate suits, becomes interested if the three claims are pleaded in a single suit.

The government cites many cases in which there is but a single claim in excess of $10,000 and in which it is held that the suit upon the claim is not within the jurisdiction of the district court. In none is considered any of the contentions above discussed. The casual statement in some to the effect that the "suit" or the "case" whose one claim was one in which the amount to be recovered exceeded $10,000 and hence not within the jurisdiction of the district court, cannot be urged as construing the statutory words "claims not exceeding $10,000" to mean "suits upon all claims in which the total matter in controversy is not exceeding $10,000."

The district court erred in holding that it had no jurisdiction over appellants' claims for refund for the tax years 1935, 1936, and 1937, and its judgment is

Reversed.