## BUCHANAN et al. v. GENERAL MOTORS CORPORATION.

No. 34, Docket No. 20287.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1947.

---

7 Cases cited note 6, supra.

Pennie, Edmonds, Morton and Barrows, of New York City (Daniel V. Mahoney, of New York City, of counsel), for plaintiffs-appellants.

Drury W. Cooper and John N. Cooper, both of New York City, for defendant-appellee.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This appeal is from a summary judgment of the District Court for the Southern District of New York dismissing the complaint in a suit to recover royalties claimed due under a contract. It is the aftermath of a previous action brought by parties in privity with these appellants against the same defendant to recover royalties under the same contract and we will refer to our opinion on the former appeal, Mechanical Ice Tray Corporation v. General Motors Corporation, 2 Cir., 144 F.2d 720 to show what was decided when the judgment in that suit was in part affirmed and in part reversed.

The present action was commenced after final judgment had been entered in the former suit and the defendant pleaded that judgment at bar in addition to a general denial of liability for royalties. The trial judge held the former judgment res judicata and dismissed the complaint solely for that reason.

The pertinent facts which are not in dispute are that when the plaintiffs in the former action filed their complaint on September 26, 1941, they alleged that the defendant had failed to pay royalties as provided by the contract and demanded judgment for the entire amount which on an accounting should be found due. The royalties were for the manufacture and sale by the defendant of ice trays for mechanical refrigerators and were payable on all trays manufactured under any of the claims of the several patents mentioned in the contract. A grid placed in a pan made up a tray and whether royalties were to be paid depended upon the construction of the grid, the pans used being merely of a conventional type. While preparing to bring the action, the plaintiffs upon their request were informed by the defendant as to what types of, and how many, trays the defendant had manufactured. These trays, as made by the defendant, usually consisted of one pan and one grid though a smaller number were made with one pan in which were placed two grids separated by a divider. Except as to a comparatively few of the double grid trays which were reported for a short time when they were first made as two trays for royalty purposes, the defendant treated a pan with its grid or grids as one royalty unit and it did so in replying to the plaintiffs' request for information previous to the suit.

When that suit was brought the plaintiffs, consequently, did not know that the statements then relied on by them were based on what for present purposes may be called a one royalty unit whether the tray was double or single. However, while the suit was pending and about two months before it came on for trial accountants for the plaintiffs examined the defendant's books and records. They then discovered and reported to the plaintiffs' attorneys the facts concerning the trays with two grids and one pan which had been reported as single royalty units.

Nevertheless no effort was then made to recover two royalties on such trays in that suit which afterwards went to trial and final judgment. The present suit is to recover over and above the former judgment what would be due if the defendant is bound to account to the plaintiffs for two royalties on such double trays.

We do not find it necessary to decide whether such double trays would, under the royalty contract, require the payment of two royalties for we think the judgment below was right on the ground that the former judgment was res judicata.

It is tolerably clear that the complaint in that suit as originally filed put in issue all the royalties due under the contract and that any relevant proof to show what they were would have been admissible if offered in evidence. But however that may

be, it is entirely clear that the plaintiffs knew the facts about two months before the trial and it is inconceivable that any needed amendment to the complaint to make proof of those facts admissible would have been denied had they sought to amend. See, Rules 8(f), 15(a) and (b), and 54(c), F. R.C.P., 28 U.S.C.A. following section 723c. If any timely amendment which was needed had been denied it would certainly have been an abuse of discretion which would have been corrected on appeal.

So it must now be taken for granted that the lack of knowledge by the plaintiffs, when they filed the first complaint, that the defendant had made two grid trays and reported them for royalty purposes as a single unit did not in any way prevent their recovery in that action of the royalties they now seek to recover, provided of course, they were ever recoverable.

That being so, the usual rule as to the effect of a former judgment in a suit between the same parties on the same cause of action applies here. This is that the judgment is res judicata not only as to all the issues decided but also as to all that could have been. Snell v. J. C. Turner Lumber Co., 2 Cir., 285 F. 356. Plaintiffs may not divide their causes of action and recover by installments. Aurora City v. West, 7 Wall. 82, 74 U.S. 82, 19 L.Ed. 42; Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329. Two comparatively recent cases of ours are close and controlling. In re Garment Center Capitol, 2 Cir., 93 F.2d 667, 115 A.L.R. 202; Cleveland v. Higgins, 2 Cir., 148 F.2d 722.

The cases on which the appellants mainly rely are Gedney v. Gedney, 160 N.Y. 471, 55 N.E. 1 which is distinguishable on the ground that the cause of action later sued on was not only unknown to the plaintiffs when the first action was brought but remained apparently undiscoverable, and at least undiscovered and unknown to them, until after final judgment in that suit.

In Cheatham Electric Switching Device Co. v. Transit Development Co. et al., D.C., 203 F. 285; affirmed 209 F. 229, a suit in equity followed an action at law for the infringement of two patents. That was be-

fore the federal rules of civil procedure and when more attention was paid to differences between suits at law and suits in equity. Recovery was had in the action at law on causes of action known to have accrued at the time that suit was brought. Apparently the trial judge thought that in the equity action there could be a recovery on similar causes of action which had also accrued before the action at law had been brought but were not discovered until afterwards and, consequently, were not included therein. An interlocutory decree for an injunction and an accounting was entered, and on appeal affirmed. The point of res judicata was not decided in this court which called attention to the fact that at least seven of the infringing devices had been installed since the beginning of the action at law. The court noticed that as for them there could have been no recovery in that action and held that this was enough to sustain the decree, saying further that the "extent of the infringement will be a subject for inquiry on the accounting." If that may fairly be said to be in conflict with our present decision we are, nevertheless, disposed to follow our more recent cases above cited.

Affirmed.