SUTCLIFFE STORAGE & WAREHOUSE CO., Inc., v. UNITED STATES.

Nos. 4238–4241.

Circuit Court of Appeals, First Circuit.

July 24, 1947.

850

E. Russell Greenhood, of Boston, Mass. (Greenhood, Cunningham & Eggleston, of Boston, Mass., on the brief), for appellant.

Gerald J. McCarthy, Asst. U. S. Atty., of Boston, Mass. (A. Devitt Vanech, Asst. Atty. Gen., William T. McCarthy, U. S. Atty., of Boston, Mass., and Roger P. Marquis and S. Billingsley Hill, Attys., Department of Justice, both of Washington, D. C., on the brief), for appellee.

Before CLARK,[1] MAHONEY and WOODBURY, Circuit Judges.

CLARK, Circuit Judge.

The present four appeals were filed in four actions instituted in the district court on February 18, 25, 26, and 28, 1946, respectively, each claiming sums due, with interest, for the use and occupancy of the same realty in Boston, over different periods of time from June 15, 1942, to December 31,

---

[1] Judge Clark of the Second Circuit, serving by designation.

1945. The first action covered the period from June 15, 1942, to June 30, 1943, the second and third each covered a succeeding year, and the fourth covered the final six months to the end of 1945. In all four the amounts claimed are computed at identical rates per square foot for the various parcels involved. In the latter three actions the district court has granted the defendant's motions to dismiss on the ground that they were brought for inseparable parts of the claim set forth in the first action. D.C. Mass., 68 F.Supp. 446. In the first action the defendant has made no motion and the court has entered no order.

■ Normally the district court would be acting quite within its discretion in taking steps to consolidate or otherwise avoid the duplication of such closely similar cases, whatever the substantive rights of the parties. Compare Rule 42(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. But the situation here is different because of the jurisdictional provisions of the Tucker Act. The first three actions claim amounts between eight and ten thousand dollars each; the last claims an amount in excess of four thousand dollars. The district court's jurisdiction of claims against the United States is limited to $10,-000; for greater claims resort must be had to the Court of Claims in Washington. 28 U.S.C.A. § 41(20). The plaintiff asserts a desire and right to sue for all amounts due in the courts of its own locality, asserting that the Tucker Act so permits and also relying on the facts alleged as showing four separate claims. And it is so entitled to sue if its contention is correct; otherwise it must either waive the excess or go to Washington to sue. The particular facts it relies upon are that on April 13, 1942, it executed a lease running until June 30, 1943, of certain premises it controlled to the United States Navy, and that this contract was renewed by separate renewal leases for periods identical with those covered by the last three actions. Plaintiff's contention—duly pleaded in each action—is that beginning about June 15, 1942, the Navy occupied and used a greater area than was designated in the lease for the period in question and that therefore the plaintiff is entitled to the reasonable value of the use and occupancy of the additional area for each period.

■ The defendant, however, asserts that the general rule against "splitting causes of action" applies to the Government as defendant equally with all other litigants, and that the existence of separate renewal leases for the adjoining premises does not affect the nature of the plaintiff's claims, and, indeed, is important only in connection with the defendant's own defenses. For defendant has filed answers which both claim possession of the additional premises as being actually included in the leases and alternatively assert that if this is not the case the leases failed to include the additional premises by mistake and should now be reformed to include them. In the last three actions the answers also state as a separate defense the pendency of the first action. It was this defense, made the subject of a separate motion for preliminary hearing and adjudication, which was sustained by the court below.

As Professor Moore succinctly states, "The pendency of a prior pending action in the same federal court is ground for abatement of the second action." 1 Moore's Federal Practice 237; United States v. The Haytian Republic, 154 U.S. 118, 14 S. Ct. 992, 38 L.Ed 930; Hughes v. Dundee Mortgage & Trust Inv. Co., C.C.Or., 26 F. 831; Hillgrove v. Wright Aeronautical Corp., 6 Cir., 146 F.2d 621. There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had. As a matter of fact, it is often an advantage to the plaintiff to have the issue of double suits settled before he finds himself barred from full recovery by a partial but final judgment in one action. Thus here the plaintiff may count itself in luck to have the matter settled before a portion of its rights is irretrievably lost. For the test as ordinarily stated is whether the claims set up are legally the same so that judgment in one is a bar to the others. United States v. The Haytian Republic, supra, 154 U.S. 118, 129, 14 S.Ct. 992, 38 L.Ed 930.

■■ It is an ancient and well-settled legal principle that claims for amounts due

on running accounts or as installment payments, such as rent under a lease, must include all amounts due at the time action is brought. Compare Burritt v. Belfy, 47 Conn. 323, 36 Am.Rep. 79; Warren v. Comings, 60 Mass. 103, 6 Cush. 103; In re Garment Center Capitol, 2 Cir., 93 F.2d 667, 115 A.L.R. 202; Hare v. Winfree, 131 Wash. 138, 229 P. 16, 42 A.L.R. 126, with Comment, 34 Yale L.J. 677; and see cases, Clark on Code Pleading, 2d Ed. 1947, 472, 483. The same rule has been applied to claims for royalties under a patent, Buchanan v. General Motors Corp., 2 Cir., 158 F.2d 728, to claims affecting realty, as for continuing trespasses, Evans v. Durango Land & Coal Co., 8 Cir., 80 F. 433, 437, appeal dimissed Durango Land & Coal Co. v. Evans, 19 S.Ct. 875, 43 L.Ed 1178, and to claims in quantum meruit for the occupancy of land, See v. See, 294 Mo. 495, 242 S.W. 949, 24 A.L.R. 880, with note collecting cases, 885-897. The doctrine is a salutary one in forcing the trial of identical matters together and affording a defendant once sued the protection of the doctrine of res judicata. Ordinarily there is no reason why a plaintiff cannot make all his claims on a running account at one time without piecemeal presentation. The fact that here involved are questions of federal jurisdiction is not a sufficient basis for departing from these usual rules as to the splitting of legal claims. The congressional policy is that all large claims must be presented in the one court in Washington, and in every practical sense there is here presented such a claim. Even though the plaintiff's own convenience might be served by adjudication in its vicinage, the congressional policy seems clearly opposed.

■ Nor can we see basis for varying the rule on the grounds urged by the plaintiff. There is no reason why the doctrine against splitting claims, which is thus only one application of the general doctrine of res judicata, should not apply to claims against the Government; and the cases so hold. Baird v. United States, 96 U.S. 430, 24 L.Ed 703; St. Louis, B. & M. R. Co. v. United States, 268 U.S. 169, 176, 45 S.Ct. 472, 69 L.Ed. 472; Phillips v. United States, 7 Cir., 151 F.2d 645. The case of Oliver v. United States, 9 Cir., 149 F.2d

727, relied on by the plaintiff, asserts no doctrine to the contrary. There the court held merely that in the case of separate and distinct claims for income tax payments due under differing years the fact of joinder in one action did not violate the jurisdictional restriction against claims in excess of $10,000 each. At least under the new rules, allowing joinder of widely diverse claims, the fact that such claims appear in the same civil action and that their total may exceed $10,000 does not change their separate identity or make them a single "cause." The court definitely assumed the existence of a separate claim for federal income taxes for each year involved. Compare also Industrial Commissioner of the State of New York v. Schneider, 2 Cir., 162 F.2d 847; United States v. Sullivan, 2 Cir., 98 F.2d 79. Thus the court started with the basic premise which is the subject of dispute in our case, namely, whether there is more than a single claim involved.

■ Finally the particular facts urged by plaintiff do not vary the principle. That the plaintiff had separate leases for the adjoining property covering each fiscal year is not a sufficient basis to allow it to divide its claim for use and occupation of the particular premises here involved into four parts. In very truth its basic legal position depends upon its assertion that there were no leases covering these premises; once the existing leases are shown to affect them, the defendant has a solid basis for the assertion of its defenses. The plaintiff cannot in the same breath repudiate the leases and yet rely upon them as operating to separate its claim into parts.

■ The consequence of this conclusion is that there will be an affirmance of the dismissal of the latter three cases, Nos. 4238-4240 in this court. Since no action has been taken by the district court with reference to the earlier instituted action, No. 4241 in this court, there is nothing from which an appeal can be taken and we have no jurisdiction to consider it: United States v. San Geronimo Development Co., 1 Cir., 154 F.2d 78, 84, certiorari denied San Geronimo Development Co. v. United States, 329 U.S. 718, 67 S.Ct. 50. The plaintiff asks us, in the event of our affirmance of dismis-

sal in the other three cases, to order dismissal also of this action to avoid what it terms its anomalous position in having one indivisible cause of action for an amount beyond the court's jurisdictional limit. But even if we had jurisdiction, no such action would be justified; for plaintiff has its own choice to make, whether it wishes to waive the greater amount and remain in the District Court for the District of Massachusetts, United States v. Johnson, 9 Cir., 153 F.2d 846, or now move that court for dismissal without prejudice under Rule 41(a) (2), F.R.C.P. This option which it has also disposes of its claim that the defendant has waived the Tucker Act by failing to file a motion to dismiss the first action. Of course there is no such waiver in any event; the question of the binding effect of the judgment in the first action is tested only in the later actions. See authorities cited in Clark on Code Pleading, 2d Ed. 1947, 473, 479; 1 Am.Jur., Actions, § 98; Pakas v. Hollingshead, 184 N.Y. 211, 77 N.E. 40, 3 L.R.A.,N.S., 1042, 112 Am.St.Rep. 601, 6 Ann.Cas. 60.

In cases Nos. 4238–4240, the judgments are affirmed; in case No. 4241, the appeal is dismissed.