William J. NUGENT

v.

UNITED STATES of America.

No. 53 C 238.

United States District Court
N. D. Illinois, E. D.

June 30, 1955.

---

Edmund A. Spencer, Chicago, Ill., for plaintiff.

R. Tieken, U. S. Atty., Chicago, Ill., for United States.

LA BUY, District Judge.

The plaintiff, who paid certain taxes and penalties for the years 1937 and 1938 on an alleged "transferee" basis, seeks to recover the penalties assessed thereon pursuant to Section 2707(a) of the Internal Revenue Code, 26 U.S.C.A. § 2707(a). It is alleged that plaintiff was an officer, director and stockholder of the William J. Nugent Contracting Company, Inc. and West Shore Stevedores, Inc., during the calendar years in question; that certain employment excise taxes under the Social Security Act were assessed against these corporations for the years 1937 and 1938; that due to certain litigation by the State of Wisconsin concerning the applicability of these taxes to the aforesaid corporations and also due to the fact that the corporations became insolvent prior to the termination of said litigation, the aforesaid employment excise taxes were never collected by the United States from these corporations; that during 1941 and 1942 penalties provided under Section 2707(a) were levied against the plaintiff and two other individuals, all former officers of the two corporations; that the other two individuals are deceased and left insolvent estates; that in 1949 plaintiff tendered an offer of compromise in the amount of $1,000 for the tax liability, which offer was rejected and the tendered amount applied toward the payment of the tax liability due; that on or about July 1952 plaintiff, having paid the tax liability in its entirety, filed claims for refund, which claims were rejected by the Commissioner.

The parties have filed cross-motions for summary judgment. The plaintiff avers that the government's answer denies only the ultimate fact of alleged illegal assessment and the allegation that the claim in question does not exceed $10,000. The government has filed a motion to dismiss on the ground the

court lacks jurisdiction herein since the claim exceeds the sum of $10,000; and, in the alternative in the event jurisdiction is found to exist, for a summary judgment in its favor.

■ Jurisdiction is alleged to exist under Section 1346(a) (1), 28 U.S.C.A. which provides that the district courts shall have original jurisdiction of any action for the recovery of internal revenue tax or penalties if the claim does not exceed $10,000 and where the claim exceeds that amount when the collector of internal revenue by whom said tax or penalty was collected is dead or not in office when the action is commenced. The government's motion to dismiss is predicated on the contention that the first count of the complaint prays judgment for $6,426.66 including interest for the year 1937 and the second count prays judgment for $6,290.50 including interest for the year 1938 resulting in a sum total of $12,717.16, including interest. The total amount claimed being therefore in excess of $10,000 the action cannot be maintained against the United States since the collector who received the payment is still holding office. It is also urged that the taxpayer had heretofore treated his liability for the years 1937 and 1938 as one "unified and integrated" matter and he cannot now split his claim and contend that since his total liability for each year, taken separately, is less than $10,000 that he may split his claim into two component parts in order to meet the jurisdictional requirements. Further, despite the requirement that each tax year stand on its own footing and that a separate claim on the prescribed form be filed for it, only one issue is in dispute which will affect both years and the taxpayer could have stated his claim in one count instead of two.

Two cases have been cited by the parties on this issue: Sutcliffe Storage & Warehouse Co. v. United States, 1 Cir., 1947, 162 F.2d 849; and Oliver v. United States, 9 Cir., 1945, 149 F.2d 727, 728.

In the Oliver case, the Court of Appeals reversed an order of the district court dismissing the claims for want of jurisdiction where the action was for refund involving separate years, in no one of which did the claims exceed $10,000, but the aggregate of said claims for the several years did exceed that sum. In its opinion holding that the district court had jurisdiction, the court said:

"We are unable to see anything in the statute which warrants the contention that Congress intended to impose upon the small claimants, including taxpayers, such an expensive procedural absurdity. Our whole system for recovery of tax overpayments treats as a separate unit the single calendar or fiscal tax year. Heiner v. Mellon, 304 U.S. 271, 274 [275], 58 S.Ct. 926, 82 L. Ed. 1337, and cases cited. The term 'claim' is a statutory one for the recovery of taxes illegally collected. 26 U.S.C. § 3772, 26 U.S.C.A. Int. Rev.Code, § 3772. Nothing in our income tax law considers a taxpayer as having a single aggregate claim of his several claims for refunds for several different tax years."

The Sutcliffe case, supra, involved compensation for the use of the same real estate over different periods of time. The Court of Appeals held [162 F.2d 852] that "there is no reason why a plaintiff cannot make all his claims on a running account at one time without piecemeal presentation" and held that the plaintiff could not split his claims. It also made reference to the Oliver case, supra, stating that it asserted no doctrine to the contrary since

" * * * The court definitely assumed the existence of a separate claim for federal income taxes for each year involved. * * * "

The court is of the opinion the motion to dismiss directed to the jurisdiction of this court to entertain the present complaint is without merit and should be overruled.

878

■■ The purpose of the summary judgment rule is to permit expeditious disposal of cases where there is no material issue of fact. Cross-motions for summary judgment do not warrant the granting of summary judgment where decision of a question of law by the court depends upon inquiry into surrounding facts and circumstances and the court should refuse to grant summary judgment until facts and circumstances have been sufficiently developed to enable the court to be reasonably certain that it is making a correct determination of the question of law.

The plaintiff's motion is predicated on the grounds (1) that the application of Section 2707(a) regarding assessment and collection of penalties is illegal and wholly void when applied to a "direct levy" such as the federal unemployment taxes involved herein, In re Haynes, D.C. Kan.1949, 88 F.Supp. 379; and (2) that as a matter of law there is no "willful failure to pay" on the part of the plaintiff within the meaning of Section 2707 (a) of the Internal Revenue Code. The motion is based upon its amended complaint, affidavit of the plaintiff as to the truth of the matters contained therein, and the documents prepared by him in connection with his claim for refund of the penalties which are attached to his complaint.

The government's motion for summary judgment is supported by an affidavit of Kurt W. Melchior, one of its attorneys, to which affidavit are attached certain documents, being letters and some correspondence exchanged by the taxpayer, his counsel, and the Treasury Department. The plaintiff has not objected to the documents attached to said affidavit nor does it challenge the truth of the matters contained therein, but asserts that they constitute a group of "self-serving documents" which indicate on their face that plaintiff's employer did not fully explain his contention on the tax items but such a position "is not in the least detrimental to this plaintiff's argument * * *".

Copies of the refund claims and statements accompanying same are attached to the amended complaint. In said statement it is contended by the taxpayer that he is not and never has been liable for the assessments of the penalty provided for in Section 2707(a) since

"nonpayment of the unemployment taxes herein involved was not 'without reasonable cause' inasmuch as the applicability of the unemployment tax to the activities of the corporation, of which he was an officer and director, was being litigated and it was not until such litigation was settled that taxpayer knew that the unemployment tax applied to the wages paid by said corporation. At the time this fact was ascertained the corporations were in straightened financial condition and unable to pay. Under these circumstances there certainly was no 'willful' failure to pay the unemployment tax. * * *".

The taxes in question were imposed on the corporations by Title IX of the Social Security Act, Ch. 531, 49 Stat. 620, 641, 26 U.S.C.A. § 1600 et seq., and pursuant to another statutory section a credit against this tax was provided for any contribution made into an unemployment fund under a State law. Treasury Regulation 90, Article 211(b) (2), as amended, T.D. 4812, 1938–1, Cum.Bull. 462 provided:

" * * * With respect to the calendar year 1937 and each calendar year thereafter the contributions must have been actually paid into the State unemployment fund before the date on which the return for the calendar year is required to be filed. * * *"

It is not disputed by the plaintiff that the tax was not paid when due, that an extension of time was granted to April 1, 1938 to file a return, and that no return was filed by the corporate taxpayers but instead pursuant to statutory authority such return was filed for such corporations by a deputy collector of the Inter-

nal Revenue Service. The government does not dispute that at the time the extension was granted for the filing of the return the corporate taxpayers were being sued by the Wisconsin Industrial Commission wherein it was claimed that said corporations were within the Wisconsin statute and as such became liable to pay unemployment compensation contributions to the Industrial Commission of Wisconsin, that said corporations claimed that the state unemployment insurance tax was not due the state because of the nature and character of its business but was due to the government of the United States under Title IX of the Social Security Act.

In view of the fact that nonpayment is premised upon pending litigation and subsequent insolvency, following termination of the litigation of the two corporations, was such nonpayment "willful" within the penalty section of the Internal Revenue Code?

In One 1941 Buick Sedan v. United States, 10 Cir., 1946, 158 F.2d 445, 448 relating to noncompliance in the requirement for keeping books and records and where the act must be "willful", the court said:

"Appellant's admitted non-compliance with the statute is sufficient to create the presumption of 'wilfullness', for every person is presumed to intend the necessary and legitimate consequences of his acts. [Citing cases.] But, this presumption, based upon the mere doing of the forbidden act is rebuttable by evidence or attending circumstances showing or tending to show lack of 'wilfullness'. * * *"

In Paddock v. Siemoneit, 1949, 147 Tex. 571, 218 S.W.2d 428, 434, 7 A.L.R. 2d 1062, in dealing with the liability of the defendant taxpayer for a civil penalty in the amount of federal taxes due the government, the state court had occasion to refer to Section 2707 and the interpretation to be accorded to the word "willful" as used therein. It was conceded that the controlling decisions

thereon were those of the Supreme Court of the United States, but it was admitted there did "not appear to be any decision by the United States Supreme Court" directly in point. In a study of the applicable cases, the court referred to United States v. Illinois Central R. Co., 303 U.S. 239, 58 S.Ct. 533, 82 L.Ed. 773, involving a suit to recover a civil penalty for violation of a federal statute requiring periodical unloading of livestock in transit and said:

"The Supreme Court there rejected the argument that 'willful' included an evil motive or bad purpose and approved its definition as the attitude of a person 'who, having a free will or choice, either intentionally disregards the statute or is plainly indifferent to its requirements.' "

The state court concluded as follows:

"In the light of the decisions of the Supreme Court of the United States, and even though we agree that penalty statutes should generally be construed in favor of the taxpayer, we have concluded that the district court's finding that the respondent intentionally and deliberately failed to pay the taxes when due was sufficient to make him liable for the civil penalty under Section 2707(a). Respondent admittedly knew that the taxes were due. There was no contention that the statute was inapplicable to the taxpayer. [Citing cases.] Nor does the proof show that the corporation could not have paid the taxes when they were due."

In Kellems v. United States, D.C.Conn. 1951, 97 F.Supp. 681, which both parties have cited on the issue of willfulness, the court considered whether the evidence submitted showed "reasonable cause" for plaintiff taxpayer's expressed belief that the withholding tax act was unconstitutional and concluded it did not. In the instant case the taxpayer has not contended that the Social Security Act did not apply to him, but asserts that it

had no desire to become enmeshed in an argument between the government of the United States and the government of the State of Wisconsin, as to the portions of the tax to be paid. As the government states, the obligations imposed by the Social Security Act and regulations thereunder required each employer subject to the Act to pay a tax of 2% of its total payroll with respect to employment. But, if prior to the filing of his return he had made a contribution to a qualified state unemployment fund, he could take a credit for that contribution against the tax due the United States which credit was not to exceed 90% of the tax due the United States. However, no credit could be taken for such contribution to a state fund unless the contribution was paid prior to the filing of the return. It thus appears the taxpayer in any event could have received no credit since it is undisputed that no contribution to a state fund was made before the return was filed.

On the issue of the financial ability of the corporation to pay the tax, it has been the plaintiff's assertion throughout that insolvency occurred prior to the termination of the litigation with the State of Wisconsin. It is true the record is devoid of any evidence to show the corporation's ability to pay the tax at the time it was due, but no such contention is urged by the plaintiff. It urges only that at the time the penalties were assessed, that is, 1941 and 1942, the corporations were no longer in existence and the other two officers were deceased leaving insolvent estates.

■ The plaintiff has placed some reliance upon In re Haynes, D.C.Kan.1949, 88 F.Supp. 379, 385, where a trustee in bankruptcy contended that Section 2707 could not be enforced against a bankrupt estate because it provided for a penalty which the Bankruptcy Act would prevent enforcing. The Referee in Bankruptcy said:

"The more serious question in this case to our mind is whether the statute has any application whatever to a direct tax levy. The statute as originally enacted was intended to apply only to withholding taxes. Such was the nature of Subchapter A of Chapter 25. The statute becomes a part of the 'Federal Insurance Contribution Act' and the 'Federal Unemployment Tax Act' by reference. Where a statute is incorporated into another statute by reference, the original statute is not broadened unless the express language of the incorporating statute clearly shows that the original statute was intended to be amended thereby. In view of the conclusion of facts reached herein, it is not necessary to determine this question in this case. * * * "

The court is of the opinion the language of the statutory section, § 2707(a), indicates it was intended to apply to direct levies of the tax as well as to those taxes which the law required to be withheld.

■ In the light of the undisputed facts concerning the taxpayer's contention on the pending litigation with the State of Wisconsin, and asserted fact that during the pendency of such litigation, insolvency occurred, the court is of the opinion that no 'reasonable cause' existed for the failure of the taxpayer to pay the social security taxes.

For the above and foregoing reasons, the court is of the opinion the motion for summary judgment on behalf of the government should be allowed. An order has this day been entered sustaining the government's motion for a summary judgment.