UNITED STATES FIDELITY & GUARANTY COMPANY, a corporation

v.

UNITED STATES of America.

Civ. No. 9830.

United States District Court
D. Maryland.

Sept. 10, 1958.

704

Robert D. Bartlett, J. Kemp Bartlett, Jr., Gordon C. Murray, Samuel H. McCoy, II, and Bartlett, Poe & Claggett, Baltimore, Md., for plaintiff.

Leon H. A. Pierson, U. S. Atty., Baltimore, Md., Charles K. Rice, Asst. Atty. Gen., Lyle M. Turner, Anthony R. DeSanto, and Jack F. Blair, Attys., Dept. of Justice, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

Plaintiff surety seeks judgment against the United States for $4,243.05, a portion of the retained percentage under a contract between its principal and the government. The government has applied the $4,243.05 to extinguish a civil penalty, assessed against the principal under 26 U.S.C.A. § 6672, for failing to pay over FICA taxes[1] deducted from the wages of employees of a corporation of which he was president and sole stockholder. Plaintiff contends that the government has no right, as against the claim of the surety, to apply any part of the retained percentage to such an obligation.

In 1954, John C. Lewis, Jr., was the president and sole stockholder of Consolidated Building Corporation, which was unable to obtain surety bonds because of financial difficulties. Lewis therefore bid on various contracts in his own name, doing business as A & W Construction Company, and was awarded a contract by the Department of the Army. Plaintiff became surety for Lewis on the performance bond and the payment bond required by the Miller Act, 40 U.S.C.A. § 270a. As part of the application for such bonds, Lewis executed an assignment to plaintiff of all monies and retained percentages due or to become due under the contract. That assignment, however, did not meet the requirements of the Assignment of Claims Act of 1940, as amended, 31 U.S.C.A. § 203, and need not be considered further in this case.

1. See I.R.C. of 1954, secs. 3101, 3102, 26 U.S.C.A. §§ 3101, 3102.

Lewis caused Consolidated to enter upon the performance of the contract, but it defaulted in its payments for labor and materials and plaintiff, as surety for Lewis, paid out $23,267.19 on claims for labor and materials prior to February 1, 1956.

Consolidated did not pay over to the government the FICA taxes which it had deducted from the wages of its employees during the last quarter of 1955 and the first quarter of 1956. Assessments for those taxes were made against Consolidated, and notices of lien were filed.

On March 21, 1956, the Commissioner of Internal Revenue, acting through the District Director of Internal Revenue at Birmingham, Alabama, assessed a 100% penalty, in the amount of $3,363.-43, against John C. Lewis, Jr., d/b/a A & W Construction Company, as the responsible officer of Consolidated Building Corporation, for FICA taxes not paid by Consolidated for the fourth quarter of 1955. A similar assessment for the first quarter of 1956, in the amount of $878.22 plus a lien fee of $1.40, was made on March 21, 1956. The validity of those assessments is not challenged here. On March 22, 1956, the Chief of Delinquent Accounts and Returns sent a notice of the assessments to the Finance Officer, Corps of Engineers, Mobile District. At that time there was due and owing under the construction contract the sum of $4,847.98. The Finance Officer deducted $4,243.05 from the amount due under the construction contract and transferred that amount over to the General Accounting Office for direct settlement of the government's lien. It is that $4,243.05, with interest, which plaintiff seeks to recover in this action under the Tucker Act, 28 U.S.C.A. § 1346(a) (2).

In United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022, the Supreme Court held that the United States is entitled to set off its creditor's debt to it before paying its debt to the creditor, and that the United States cannot be deprived of its right of set-off by the circumstance that the creditor-contractor's surety, which has paid claims for labor and materials furnished the contractor, is claiming the fund. This rule has been applied to permit a set-off by the government of a contractor's liability for taxes. Standard Accident Ins. Co. v. United States, 97 F.Supp. 829, 119 Ct. Cl. 749; General Casualty Co. of America v. United States, 127 F.Supp. 805, 130 Ct.Cl. 520; Malman v. United States, 2 Cir., 202 F.2d 483; Sanders v. Commissioner of Internal Revenue, 10 Cir., 225 F.2d 629. In the Sanders case the liabilities offset included taxes, interest and penalties.[2]

Plaintiff relies upon the rule that "a statutory penalty generally cannot be used as a set-off or counterclaim". 47 Am.Jur. (Set-off and Counterclaim, sec. 35) p. 735. But the rule does not say that a penalty may *never* be set off against a debt. The nature of the penalty and circumstances of the case must be considered.

The assessment against Lewis was made pursuant to sec. 6672, I.R.C. of 1954, 26 U.S.C.A. § 6672, which provides:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and

---

**2.** Most of the cases cited by plaintiff dealt with the efforts of individuals to set off unrelated claims against the sovereign in suits for the collection of taxes. Such cases involve a question of public policy not present here. Other cases cited by plaintiff turned on jurisdictional points.

paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

The preceding section, 6671, provides:

"(a) *Penalty assessed as tax.*—The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary or his delegate, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

"(b) *Person defined.*—The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

Sec. 6672 of the I.R.C. of 1954 is substantially similar to sec. 2707(a), I.R.C. of 1939, 26 U.S.C.A., 1952 ed., sec. 2707, which was made applicable to social security taxes by sec. 1430, I.R.C. of 1939, 26 U.S.C.A., 1952 ed., sec. 1430. In Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237, the plaintiff sought to enjoin the collection of an assessment imposed under sec. 2707(a), I.R.C. of 1939, but the court sustained the collector's contention that the suit was barred by sec. 3653, I.R.C. of 1939, which prohibited suits to enjoin the collection of a tax. The court stated: "It is true that Section 3653 of Title 26 U.S.C.A., Int.Rev.Code, does not specifically include penalties as such. However, those here in question are an integral part of the tax and interwoven into it. They are administrative penalties and are within the impeding statute just as much as primary taxes." 140 F.2d at pages 240–241.

In a bankruptcy case, In re Haynes, D.C.D.Kan., 88 F.Supp. 379, 384, the court said of sec. 2707(a): "The purpose of this statute is not to punish but to secure the collection of a fund that has passed into the hands of the employer, which is in the nature of a trust fund, the employer acting as a collecting agency for the United States. This statute would have been just as effective without the use of the word penalty and for this reason it should be construed as making the managing officer of the corporation personally liable if he willfully fails to remit the funds that comes (sic) into his hands as such officer. We do not think the statute imposes a penalty not collectible against the bankrupt's estate."

Tayloe v. Sandiford, 7 Wheat. 13, 5 L.Ed. 384, cited by plaintiff, dealt with a contractual penalty in the guise of liquidated damages; it was not enforceable either by way of set-off or by direct suit. Priebe & Sons v. United States, 332 U.S. 407, 68 S.Ct. 123, 92 L.Ed. 32.

In Globe Indemnity Co. v. Cooper Motor Lines, 206 S.C. 154, 33 S.E.2d 405, 406, also cited by plaintiff, the court stated: "It is generally held that where only recovery by direct action is expressly provided by statute, the statutory penalties may not be recovered by way of counterclaim or other defensive pleading." The statute with which we are dealing, however, specifically provides that "the penalties and liabilities provided by this subchapter * * * shall be assessed and collected in the same manner as taxes." 26 U.S.C.A. § 6671.

■ The penalty assessed against Lewis in the instant case is a civil penalty, an administrative penalty; it is not a criminal penalty. Nugent v. United States, D.C.N.D.Ill., 136 F.Supp. 875, and cases cited at page 879. The government had the right to set it off against the retained percentage due Lewis.

■ The surety in the instant case is claiming by way of subrogation to the rights of the principal, and the government is entitled to set-off against

the surety any liabilities of the principal to the government which it might set-off against the principal. United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022; Standard Accident Ins. Co. v. United States, 97 F. Supp. 829, 119 Ct.Cl. 749. The principles which would control a suit by the government on the surety's bond do not apply here. Cf. United States v. Crosland Construction Co., 4 Cir., 217 F.2d 275.

The penalty assessed against Lewis was of such nature that under the facts of this case the government has the right to set it off against the claim of the surety to the retained percentage.

Let judgment be entered in favor of the defendant, with costs.