**Edmund R. GRISWOLD, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. 2553–SD–K.**

United States District Court
S. D. California, S. D.
Sept. 27, 1962.

Colton, Thompson & Thompson, by David R. Thompson, San Diego, Cal., for plaintiff.

Francis C. Whelan, U. S. Atty., by Richard G. Sherman, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

KUNZEL, District Judge.

Pursuant to Section 6672 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6672, defendant levied a 100% assessment against plaintiff for having *willfully* failed in his *duty* to see that the withholding and social security taxes were paid over to the government by Watson-Jones Company, a California corporation, for the second, third and fourth quarters of 1957. In accordance with the assessment, plaintiff paid the sum of $3,137.32, and here seeks a refund.

The Court has jurisdiction by reason of the provisions of 28 U.S.C.A. § 1346 (a) (1).

Late in 1956, plaintiff, who was then operating a linotyping company, acquired for $500.00, 51% of the stock of Watson-Jones, which was engaged in the printing business. He became vice president and his wife became secretary. Plaintiff and his wife also became directors of a three-member board.

Plaintiff instructed all concerned that his ownership and participation in Watson-Jones was to be kept secret because of his apprehension that if other printers were aware of his ownership he might lose their linotyping business. At the time of plaintiff's acquisition, Watson-Jones was insolvent. However, plaintiff hoped to save the company and make a profit.

Francis Rivard was the owner of 49% of the stock, president of the company, and handled its day to day affairs.[1] Rivard contacted plaintiff almost daily and consulted him about any transaction involving the expenditure of more than one hundred dollars.

The business was running behind constantly and plaintiff was called upon to advance money to pay various bills, including withholding and social security taxes which had accrued before his acquisition. Prior to Watson-Jones going out of business in the latter part of 1957, plaintiff had advanced in excess of twenty thousand dollars for which he held promissory notes, and which he agreed to subordinate in order to quiet some of the creditors.

Plaintiff, as the controlling stockholder and as holder of the purse strings, determined the priority in which creditors were to be paid. Plaintiff knew the withholding taxes and social security taxes were not being paid, and he knew that depositary receipts were not being secured in accordance with Treas.Reg. § 31.6302(c)-1 (1956). One witness testified that when plaintiff was asked about making deposits and securing depositary receipts, he said, "Let the taxes go until other bills for supplies can be taken care of."

Plaintiff contends that he does not come within the definition of a person required to see that the taxes are paid under Section 6671(b) of the Internal Revenue Code, which reads as follows:

"The term 'person', as used in this sub-chapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

While it may appear to be inequitable to charge plaintiff, nevertheless, by reason of the position he occupied and the

---

1. An assessment was also levied against Rivard, however, it proved to be uncollectible.

responsibility he assumed, in my opinion, he was under a duty to see that the social security and withholding taxes be paid.

In Wilson v. United States, 250 F.2d 312, (9th Cir. 1958), the court, in a criminal case, discussed the application of Section 2707(d) of the Internal Revenue Code of 1939, which is identical to Section 6671(b) of the 1954 Code, stated as follows at page 316:

"Appellant was chief executive officer of the corporation. It was his responsibility to determine how corporate funds should be expended. He was not himself the 'disbursing officer' for the corporation, but he had the final word as to what bills should or should not be paid, and when. Possessed of such authority and power, he came within the purview of Section 2707(d) of the I.R.C. of 1939, which defines a 'person' subject to the preceding subsections of § 2707. Appellant asserts that his choice was highly circumscribed. He says he could have paid the Government in full and neglected most of the other creditors entirely. Had he done this, appellant submits, Coast Redwood Co. would have been forced to shut down. He could have apportioned payments of available funds to various creditors, including the Government, and continued in business. Appellant states that he wanted to remain in business, expected and hoped to extricate Coast Redwood Co. from its embarrassed financial status, and planned to pay off all creditors in full. Of course, attainment of his related objectives lay with the latter alternative, which appellant therefore chose to pursue."

Plaintiff here, in effect, makes the same contention as did the defendant in the above case, that is, but for his advancement of funds the business would have been closed down. Nevertheless, the social security and withholding taxes certainly should not have been used as additional capital for the purpose of helping plaintiff realize a possible profit.

■ Plaintiff also suggests that his failure to perform his duty to see that the taxes were paid was not willful as the term is used in Section 6672 of the Code. This contention is laid at rest, at least in the 9th Circuit, by the case of Bloom v. United States, 272 F.2d 215 (9th Cir. 1959), cert. denied 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146, where the court construed Section 2707(a) of the Internal Revenue Code of 1939 which is the predecessor section and identical to Section 6672 of the 1954 Code. The court stated at page 223, of 272 F.2d, as follows:

"It must be borne in mind that the action instituted against appellant was not designed to impose criminal sanctions, but is a civil action to insure payment to the United States of a tax already collected or deducted by an employer, whose employees have already received credit for the withheld taxes in their individual returns. Section 2707(a) does not provide for a 'double' penalty. In our view their need not be present an intent to defraud or deprive the United States of the taxes collected or withheld for its account, nor need bad motives be present in order to invoke the sanctions of Section 2707(a). The decision of appellant as the responsible officer of the corporation not to have the corporation pay over to the government the withheld taxes was a voluntary, conscious, and intentional act to prefer other creditors of the corporation over the United States. In our view such conduct was willful within the meaning of Section 2707(a). See Paddock v. Siemoneit, 147 Tex. 571, 218 S.W.2d 428, 7 A.L.R.2d 1062; In re Haynes, D.C.D.Kan.1948, 88 F.Supp. 379; Kellems v. United States, D.C.D.Conn.1951, 97 F.Supp. 681; Nugent v. United States, D.C. N.D.Ill.1955, 136 F.Supp. 875; Levy v. United States, D.C.W.D.La.1956, 140 F.Supp. 834."

Accordingly, judgment will be for defendant. This opinion shall constitute the findings of fact and conclusions of law, and counsel for defendant shall prepare, serve and file a judgment.[2]

2. For a discussion of the problem here involved, see Journal of the State Bar of California, May–June 1962, Vol. 37, No. 3, page 409, and July–August 1962, Vol. 37, No. 4, page 674.