**In the Matter of Robert M. LOZANO, Debtor.**

**BANCO CENTRAL Y ECONOMIAS, Plaintiff,**

v.

**Robert M. LOZANO, Defendant.**

**Civ. No. 84–0254 GG.**

United States District Court, D. Puerto Rico.

June 1, 1984.

---

7. Of course, the jury must determine whether defendants' erroneous conclusion on this issue constituted negligence.

Oscar Gonzalez Badillo, Hato Rey, P.R., for plaintiff.

Robert J. Griswold, San Juan, P.R., for defendant.

## OPINION AND ORDER

GILBERTO GIERBOLINI, District Judge.

Plaintiff appeals from an order of the bankruptcy judge dated April 27, 1983, reaffirmed on reconsideration on June 13, 1983. That order denied plaintiff's request for release from stay and declared the nullity of plaintiff's foreclosure judgment before the District Court of the Commonwealth of Puerto Rico, Guaynabo Part.

Defendant moves this court to dismiss plaintiff's appeal, alleging that it was untimely filed.

The relevant facts are the following:

On April 27, 1983 the United States Bankruptcy Court for the District of Puerto Rico issued an Opinion and Order eight pages in length which included findings of fact and an analysis of the applicable law. It was filed and entered on the docket on May 4, 1983. On May 17, 1983 plaintiff moved the court to reconsider its April 27, 1983 Opinion and Order.

Defendant moved the court to deny plaintiff's motion requesting reconsideration on May 23, 1983 and June 10, 1983. Apparently, the bankruptcy judge did not render a decision on defendant's motions. Thereafter, on June 13, 1983 the bankruptcy court issued a document captioned "Order" which included a concise restatement of the analysis contained in the earlier Opinion and Order of April 27, 1983. This "Order"

was filed and entered on the docket on June 15, 1983.

Plaintiff's Notice of Appeal was filed and entered on the docket on June 23, 1983. Defendant filed motions to dismiss the appeal on July 11, 1983 and February 15, 1984 arguing that the appeal should be dismissed since plaintiff neither timely filed a motion for reconsideration, nor timely appealed the original Opinion and Order as required by Rule 802 of the Rules of Bankruptcy.[1] In opposition, plaintiff argues that since a judgment was not included in a "separate document" as required by Rule 921 of the Rules of Bankruptcy after the Opinion and Order of April 27, 1983,[2] there was no effective judgment and its motion for reconsideration under Rule 923 of the Rules of Bankruptcy was therefore timely.[3] Plaintiff additionally argues that since it filed its Notice of Appeal within ten days of the entry of the "Order" denying its motion for reconsideration, its appeal was timely. We now examine the issue of timeliness.

Rule 921(a) requires that judgments be set forth on a separate document. *See* note 2, *supra.* This rule is derived from Federal Rule of Civil Procedure 58. Advisory Committee's Note to Rule 921. The purpose of the separate document requirement is to clarify when the time for appeal begins to run. The rule eliminates confusion "by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—

---

1. We apply the former Rules of Bankruptcy since the new rules were not effective until August 1, 1983, and plaintiff's motion for reconsideration and appeal precede that date.

   Rule 802: "(a) Ten-Day Period. The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from ... (b) Effect of Motion on Time for Appeal. The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed with the referee by any party pursuant to the rules hereafter enumerated in this subdivision. The full time for appeal fixed by this rule commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: ... (3) granting or denying a motion under Rule 923 to alter or amend the judgment ...."

2. Rule 921: "(a) Original Entry on Referee's Docket. A judgment in an adversary proceeding or contested matter shall be set forth on a separate document. Every judgment shall be entered forthwith in the referee's docket as provided in Rule 504 ... A judgment is effective only when entered as required by this subdivision ...."

   Rule 901: "General Definitions ... (8) 'Judgment' includes any order appealable to the district court ...."

3. Rule 923: "Except as provided in Rule 307, Rule 59 of the Federal Rules of Civil Procedure applies in bankruptcy cases."

   Rule 59: "(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

which provides the basis for the entry of judgment". Advisory Committee's Note to Rule 58. To serve its purpose of avoiding uncertainty in determining when an appeal must be brought, the separate document rule must be "mechanically applied". *United States v. Indrelunas,* 411 U.S. 216, 221–222, 93 S.Ct. 1562, 1564–1565, 36 L.Ed.2d 202 (1973).

In *Smith Corset Shops, Inc. v. Brodeur,* 696 F.2d 971 (1st Cir.1982), the court found that the bankruptcy court's six page memorandum and order did not satisfy the requirement of Rule 921(a) since "'separate document' means one separate from an opinion or memorandum of the court". *Id.* at 975. Similarly, other courts have held that the separate document requirement was not satisfied. *Taylor v. Sterrett,* 527 F.2d 856 (5th Cir.1976) (where the trial court's order included opinions, findings and conclusions); *Cloyd v. Richardson,* 510 F.2d 485 (6th Cir.1975) (where a document entitled "Judgment and Order" set forth certain findings of the court and its reasoning in reaching a conclusion on the issue before it); *Columbus Coated Fabrics v. Industrial Commission of Ohio,* 498 F.2d 408 (6th Cir.1974) (where a six page document containing findings of fact and conclusions of law was entitled "Opinion and Order"); *State National Bank of El Paso v. United States,* 488 F.2d 890 (5th Cir.1974) (where the trial court tacked judgment on the end of a memorandum opinion entitled "Opinion and Judgment").

■ Accordingly, where the bankruptcy court issued a document captioned "Opinion and Order" that included findings of fact and analysis of the applicable law, but failed to issue a separate document setting forth the judgment, we are constrained to conclude that there was no effective judgment that rendered plaintiff's motion for reconsideration under Rule 923 untimely.

■ In addition, since plaintiff filed its Notice of Appeal within ten days of the entry of the "Order" denying its motion for reconsideration, its appeal was timely. At first blush, it might appear that the appeal is premature since the bankruptcy court's "Order" of June 13, 1983 included the rea-soning of the court, and a separate document was not issued and entered pursuant to Rule 921(a). However, "the rule is not jurisdictional. It should be read to prevent loss of the right of appeal, not to facilitate loss". *Smith Corset Shops, Inc., supra,* at 975; *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 386, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978).

In *Bankers Trust Co.,* the Court held that a decision of the district court can be a final decision from which appellate jurisdiction is properly assumed by the court of appeals even though the district court fails to comply with the "separate document" requirement. The Court reasoned:

> If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal. Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose.

435 U.S. at 385, 98 S.Ct. at 1120.

In that case, the Court deemed the separate document requirement waived by the parties where the district court's intent that the opinion and order represented its final decision was clear, and the parties did not object to the taking of appeal in the absence of a separate document.

In *Smith Corset Shops* the Court of Appeals for the First Circuit, relying on *Bankers Trust Co.,* similarly found that appellate jurisdiction was properly assumed although the bankruptcy court had failed to comply with the separate document requirement. *Accord Hanson v. Town of Flower Mound,* 679 F.2d 497 (5th Cir.1982).

■ Accordingly, the parties are deemed to have waived the separate document requirement since it is clear that the bankruptcy court intended its "Order" to be its final decision, and the parties have not objected to the taking of appeal in the absence of a separate document.

Wherefore, defendant's motion to dismiss the appeal is hereby denied. We proceed to the merits.

Plaintiff requested the bankruptcy court to lift an automatic stay that became operative pursuant to 11 U.S.C. § 362(a) when debtor-defendant filed a voluntary petition in bankruptcy under Chapter 13 and listed plaintiff as a creditor therein. Plaintiff alleged that debtor-defendant wrongfully listed plaintiff as a creditor since prior to defendant's filing (November 5, 1982), plaintiff, as mortgage creditor, had obtained a favorable judgment in a foreclosure action before the District Court of Guaynabo, Puerto Rico (October 22, 1981), and had acquired defendant's property at a foreclosure sale (September 23, 1982). Therefore, plaintiff asserted that it was no longer a creditor when defendant filed his bankruptcy petition. The bankruptcy court disagreed and denied plaintiff's request for lifting of the automatic stay.

On appeal, plaintiff argues that the bankruptcy court erred when it failed to accord the foreclosure proceedings full faith and credit deference and *res judicata* effect.

28 U.S.C. § 1738 provides: "The records and judicial proceedings of any court" of "any state, territory, or possession of the United States ... shall have the same full faith and credit in every court within the United States and its territories and possessions as they have by law or usage in the courts of such state, territory or possession from which they are taken". In other words, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so". *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *see* C. Wright, *Law of Federal Courts* § 100A, at 689 (4th ed. 1983).

■ After careful review of the record and the applicable law, we find that the bankruptcy court did not err when it declined to accord the foreclosure proceedings preclusive effect.

Rule 51.8 of the Puerto Rico Rules of Civil Procedure provides for the manner in which judicial foreclosure sales shall be conducted. Subsection (a) of that rule specifies notice requirements:

(a) Notice of Sale. Before the sale of the property on execution is held, notice thereof shall be published during two (2) weeks by posting written notice in three public places of the municipality where the sale is to be held, such as the city hall, the court and the collector's office. *Said notice shall be posted also at the collector's office and at the public school of the place where defendant has his residence, if it is known,* or in one of the newspapers of general circulation in the Commonwealth of Puerto Rico, during two (2) weeks, and at least once a week. The notice of sale shall adequately describe the property on sale, and shall also mention the judgment to be satisfied through said sale, indicating the place, day and time when the sale is to be held .... *All judicial sales which do not comply with the notice of sale requirement shall be null,* without prejudice to the liability of the party who made the sale without complying with said notice.

Rule 51.8(a), 32 L.P.R.A. App. III (emphasis added).

Although plaintiff correctly posted notice of the sale in three public places of the municipality where the sale was to be held, that is, Guaynabo, P.R., plaintiff failed to post notice of the sale at the collector's office and at the public school of the place where defendant has his residence, that is, Rio Piedras.[4] Plaintiff contends that notice was adequate since the statute requires notice to be posted in "the place where defendant has his residence" (and not strictly the municipality where defendant has his residence), and no other public school and collector's office are closer to defendant's residence than those in Guaynabo where notice was posted. Nevertheless, plaintiff's argument is unpersuasive

---

**4.** The Municipality of San Juan includes the town of Rio Piedras. The Municipality of Guay-  nabo is separate and distinct from the Municipality of San Juan.

since notice, fundamental to due process, cannot be satisfied here by relying on something as fortuitous as the distance betweenplaintiff's residence and the location of public facilities in an adjacent municipality.

Plaintiff's argument that the defective notice does not invalidate the sale is also unpersuasive. The statute clearly provides that where a judicial sale does not comply with notice requirements, the sale is a nullity. Plaintiff's reliance on *Dapena Quiñones v. Vda. de Del Valle,* 109 D.P.R. 138 (1979), is misplaced. There notice did not clearly identify the location of the judicial sale, yet the court concluded that the defect should not render the sale void. In that case, 32 L.P.R.A. § 1132 governed. That statute, repealed effective August 20, 1979, did not contain a provision like the one in its successor, Rule 51.8(a), that expressly provides for the nullification of sales that fail to comply with notice requirements. Nevertheless, even *Dapena Quiñones, supra,* identified insufficient publication among the fundamental defects of the notice of public sale that are so inextricably linked to the due process of law that the defect is properly raised by the court *sua sponte,* and the sale is thus rendered void.

 There is still one further argument that operates against the legal validity of the judgment rendered by the District Court of Guaynabo. District Courts of the Commonwealth of Puerto Rico cannot entertain actions for summary or ordinary foreclosure of mortgages. *See C.R.U.V. v. Ramon Torres Perez,* 111 D.P.R. 698 (1981) in which it was held: "Under the Mortgage and Property Registry Act of 1979 now in effect, the Superior Court is the forum with *exclusive* venue ('competencia') to take cognizance of both the summary foreclosure proceeding and the ordinary civil action for foreclosure of

mortgage". (Emphasis added). In this regard it is axiomatic that the parties cannot confer on a court the competency to hear a case when the law expressly denies the court that power. Consequently, plaintiff's contention that debtor-defendant waived the issue of venue ("competencia") by litigating the foreclosure suit without objection before the district court is without merit.[5]

Accordingly, the bankruptcy court's determination that the judgment of the District Court of Guaynabo lacks legal validity and its denial to lift the automatic stay are hereby affirmed.

The Clerk of the Court shall enter judgment accordingly.

SO ORDERED.

---

**5.** Plaintiff further argues that the Mortgage and Property Registry Act of 1979 was not in effect when it filed the law suit before the district court, and therefore the holding in *C.R.U.V., supra,* is inapplicable. Plaintiff's contention is simply unfounded. The Act and the relevant provision, § 202 (30 L.P.R.A. § 2702), was approved on August 8, 1979 and became effective one year after its approval pursuant to § 256 of the Act. Plaintiff filed suit before the Guaynabo District Court on May 11, 1981. Therefore, the Act was in effect when plaintiff filed suit, and § 202 was fully applicable.