NORRIS, Circuit Judge:
The Small Business Administration (SBA) appeals from the district court’s reversal of a bankruptcy court decision that the SBA, rather than Belva Greene, was entitled to death benefits payable on policies owned by the debtor, Joseph C. Souza. We conclude that Greene’s untimely appeal to the district court deprived it of jurisdiction to consider the case. We therefore remand to the district court for dismissal of the appeal and reinstatement of the bankruptcy court judgment in favor of the SBA.
I
In September 1977, the SBA loaned $49,-300 to Souza. In the following March, Souza executed a collateral assignment of a life insurance policy owned by him to the SBA as security for the loan. The assignment provided that in the event of Souza’s death, the insurance company would pay the death benefits under the policy to the assignee, the SBA, in an amount equal to Souza’s indebtedness to the SBA. Souza thereafter designated Greene as beneficiary of the policy. In September 1980, the SBA loaned an additional $30,000 to Souza, who subsequently executed a collateral assignment of a second insurance policy to the SBA as security for the 1980 loan. The assignment contained the same terms as those contained in the 1978 assignment. Souza again designated Greene as beneficiary of the policy.
Souza filed a bankruptcy petition in 1982. At the time of filing, the principal balance owing on the loans was $46,495.33 plus interest, and the cash surrender value of the life insurance policies was $3,812.58. In 1983, Souza died. From the time of the filing for bankruptcy until the time of Sou-za’s death, Souza made all premium payments on the two insurance policies in order to keep them in effect. Neither the SBA, nor the trustee, made any payments on the policies. The death benefits payable under the two insurance policies totals approximately $58,773.09.
On October 3,1984, the bankruptcy court ruled that SBA as the collateral assignee of the life insurance policies was entitled to the death benefits. The bankruptcy judge prepared findings of fact that both parties later agreed were incorrect. The parties entered into a stipulation to prepare amended findings of fact. The stipulation was fully executed on December 21, 1984. The bankruptcy court adopted the amended findings on February 14, 1985. Greene’s Notice of Appeal to the district court was filed within ten days thereafter. The district court reversed the bankruptcy court judgment and limited SBA’s interest in the debtor’s life insurance policies to their cash surrender value.
II
SBA argues that the district court lacked jurisdiction since Greene’s notice of *857 appeal from that judgment was untimely filed. The notice of appeal from a bankruptcy court decision must be filed with the clerk of the bankruptcy court “within 10 days of the date of the entry of the judgment, order, or decree appealed from.” Bankruptcy Rule 8002(a). The untimely filing of the notice of appeal is jurisdictional. In In re Ramsey, 612 F.2d 1220 (9th Cir.1980), this court dismissed an appeal for want of jurisdiction because the appeal from the bankruptcy court decision was untimely under Bankruptcy Rule 802, the virtually identical predecessor of Rule 8002. This court stated:
A party who appeals from bankruptcy court to district court must file a notice of appeal with the bankruptcy court within 10 days of the entry of the order or judgment appealed from ... An untimely notice deprives the district court of jurisdiction to review the bankruptcy court’s order or judgment ... The untimely filing of Alene’s appeal was never brought to the attention of the district court which proceeded to consider the merits of the case. Since this court’s jurisdiction can only be based on a proper exercise of jurisdiction in the court below, we raised this issue sua sponte at oral argument. If the district court did not have jurisdiction to review the merits, then this court does not have jurisdiction to consider the merits on appeal.
612 F.2d at 1221-1222 (emphasis supplied). Because of the jurisdictional implications, this court strictly construes the ten-day requirement. Id. at 1223.[1]
Greene filed her notice of appeal from the October 3, 1984 judgment on February 25, 1985. Greene’s notice of appeal was filed within ten days of the filing of the amended findings and conclusions because the tenth day, February 24, 1985, was a Sunday. See Bankruptcy Rule 9006(a). But the notice of appeal was filed four and one-half months after the October 3, 1984 judgment. The ten day period is subject to extension should a timely motion be made for, inter alia, amendment or alteration of the findings of fact. Bankruptcy Rule 8002(b)(2). But Greene filed no such motions in the bankruptcy court. The ten day period for filing the notice of appeal may also be extended for an additional twenty days upon request to the bankruptcy court so long as the request is made prior to the expiration of the ten day period or, in a case of excusable neglect, prior to the expiration of twenty days from the running of the ten day period. Bankruptcy Rule 8002(c). But Greene made no requests for extensions of time within which to file her notice of appeal. Even if we considered the stipulation as functionally analogous to such a motion, it was filed well after the time periods set out in Rule 8002.
Greene contends that the ten day period to file a notice of appeal commenced from the amended findings. But Bankruptcy Rule 8002 starts the running of the ten day period from the “date of the judgment, order or decree appealed from.” Assuming, as Greene suggests, that there is an exception when the dispositive order does not provide an adequate basis for review, Greene still submits no reason to believe that the bankruptcy court judgment of October 3, 1984, and the attendant findings and conclusions did not provide such a basis.[2] Put another way, Greene identifies no material discrepancy between the original findings and conclusions and the amended findings and conclusions. It was the October 3, 1984, judgment that was being appealed. The bankruptcy court’s failure to vacate the original judgment and enter a *858 new judgment makes Greene’s argument even less plausible.
In sum, we hold that Greene’s notice of appeal from the bankruptcy court was not timely filed under Bankruptcy Rule 8002. Because the district court lacked jurisdiction to hear this case, we vacate the judgment of the district court and remand the case for dismissal.
VACATED and REMANDED.

. In addition, because our own jurisdiction is implicated by SBA's argument, we must consider it even though it was not raised in the proceedings below. See Rodgers v. Watt, 722 F.2d 456, 457-58 (9th Cir.1983) (en banc).

. Greene’s reliance on In re Lozano, 42 B.R. 966 (D.P.R.1984), is misplaced. The Lozano court held a bankruptcy judge’s "Opinion and Order" to be the equivalent of a judgment and, therefore, determined a notice of appeal filed within ten days of the "Opinion and Order” to be timely. In Lozano, the bankruptcy court had never entered a judgment. In the instant case, by contrast, a valid judgment was entered.