*117
 
 ORDER
 

 The memorandum disposition filed April 22, 1988 is redesignated a Per Curiam Opinion.
 

 OPINION
 

 PER CURIAM:
 

 Ben and Linda Allustiarte (Allustiartes), pro se, appeal from a district court order dismissing their appeal from the bankruptcy court for lack of jurisdiction based upon a late filing of their appeal. The Allust-iartes sought to appeal the bankruptcy court’s order authorizing payment of compensation to the interim trustee. We reverse.
 

 FACTS and PROCEEDINGS
 

 On September 5, 1985, bankruptcy court Judge Dahl granted Dennis Hauser’s request for compensation for services rendered as the interim trustee. The order was not entered on the bankruptcy court’s docket sheet. On December 23, 1985, the Allustiartes filed a notice of appeal. On September 17, 1986, the district court dismissed the appeal as untimely under Rule 8002 of the Federal Rules of Bankruptcy. The Allustiartes timely filed this appeal.
 

 DISCUSSION
 

 Rule 8002(a) of the Bankruptcy Rules provides that “[t]he notice of appeal shall be filed with the Clerk of the bankruptcy court within 10 days of the date of entry of the judgment, order or decree appealed from.” Every judgment entered must be set forth on a separate document. Fed.R. Bktcy. 9021. A judgment is considered effective when entered. Fed.R.Bktcy. 5003. The timely filing of a notice of appeal is jurisdictional.
 
 Greene v. United States,
 
 795 F.2d 855, 857 (9th Cir.1986). This court must, sua sponte, determine jurisdiction.
 
 Bender v. Williamsport Area School District,
 
 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (federal appellate court has an obligation to satisfy itself not only of its own jurisdiction but also that of the lower courts);
 
 Christian Life Center Litig. Defense Comm. v. Silva,
 
 821 F.2d 1370, 1373 (9th Cir.1987) (“[o]n our own motion we must determine whether we have jurisdiction over the appeal”).
 

 A notice of appeal is deemed timely if filed prior to entry of the order on the docket sheet.
 
 Vernon v. Heckler,
 
 811 F.2d 1274, 1276 (9th Cir.1987) (the period for filing a notice of appeal begins upon the entry of the judgment or order appealed from);
 
 cf. Brand v. Menlove Dodge,
 
 796 F.2d 1070, 1072 n. 2 (9th Cir.1986) (under Fed.R.App.P. 4(a), a notice of appeal filed after announcement but before entry of the judgment is treated as though it were filed after entry of judgment).
 

 In dismissing the appeal, the district court stated that the order awarding compensation to the interim trustee was entered on September 5, 1985, and that since the notice of appeal was filed on December 23, 1985, the appeal was untimely under Rule 8002(a). Although the bankruptcy court order was dated September 5, 1985, the order was never actually entered on either Linda’s or Ben’s docket sheets. Accordingly, because the time for filing a notice of appeal never commenced, the district court erred in ruling that the appeal was untimely.
 
 Vernon,
 
 811 F.2d at 1276.
 

 We conclude that the district court has jurisdiction over the appeal from the bankruptcy court, and the district court may rule on the merits of the appeal without waiting for the bankruptcy court clerk to enter a separate judgment.
 
 See id.
 
 at 1276-77 (the court “need not engage in the pointless exercise of dismissing the appeal and waiting for the district court clerk to enter a separate judgment before hearing the appeal”).
 

 REVERSED AND REMANDED