**In re Gordon Glenn WILSON, Debtor.**

**Lura STINNETT and Adrian Stinnett, Plaintiffs,**

v.

**Gordon Glenn WILSON, Defendant.**

**Bankruptcy No. 288–02105–C–7.**
**Adv. No. 289–0053.**

United States Bankruptcy Court,
E.D. California.

Aug. 21, 1989.

Robert N. Campbell, Redding, Cal., for plaintiffs.

Robert S. Bardwil, Bardwil & Dahl, Sacramento, Cal., for defendant.

#### MEMORANDUM DECISION ON MOTION TO DISMISS

CHRISTOPHER M. KLEIN,
Bankruptcy Judge:

This matter involves the interrelation between the statute of limitations for nondischargeability actions and Rule 4(j) of the Federal Rules of Civil Procedure. Faced with the dilemma that dismissal "without prejudice" for failure to complete service within the 120 days specified in Rule 4(j)

---

could be fatal because the statute of limitations had run, plaintiffs tried to avoid the time bar by filing another, identical action in the same court *before* the first action was dismissed.

The motion to dismiss will be granted for two independent reasons: (1) the filing of the complaint violated the doctrine against splitting a cause of action; and (2) it is time barred.

The facts are straightforward and undisputed. Plaintiffs are creditors of the debtor in this bankruptcy case. The statute of limitations for filing complaints to determine dischargeability of debts ran on July 5, 1988.[1] They filed such a complaint on July 5, 1988, in this court ("No. 288–0270"). The summons and complaint were not served within 120 days. Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 4(j). On February 15, 1989, I signed and filed the order dismissing the adversary proceeding. *Stinnett v. Wilson*, 96 B.R. 301 (Bankr.E.D.Cal.1989). On February 16, 1989, some 226 days after the filing of the initial complaint, plaintiffs refiled the complaint from No. 288–0270 as a new adversary proceeding ("No. 289–0053"). On February 17, 1989, the order dismissing No. 288–0270 was entered on the docket by the clerk. Thus, on February 16, 1989, there were two identical adversary proceedings pending in this court.[2] Plaintiffs did not serve the summons and complaint until May 18, 1989, some 317 days after the filing of the initial complaint.

Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b) contending that No. 289–0053 is time barred.[3] Plaintiffs responded with a syllogism: the timely filing of No. 288–0270 tolled the running of the statute of limitations; No. 289–0053 was filed before No. 288–0270

was dismissed; therefore, they contend, No. 289–0053 was filed before the statute of limitations had run and is not time barred.

In order to avoid dismissal, plaintiffs must navigate around two shoals, the doctrine against splitting a cause of action and the statute of limitations, either of which is adequate to sink them. They run afoul of both.

1. *Doctrine Against Splitting Cause of Action.*

■ If more than one lawsuit is instituted for a single cause of action, the cause of action is said to have been split. The pendency of the first lawsuit may be pleaded in abatement of the second. *Graziano v. Pennell*, 371 F.2d 761 (2d Cir.1967) (diversity); *Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849 (1st Cir.1947) (federal question); 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.410[2], at 366 (1988).

■ This doctrine against splitting a cause of action is, in part, a rule of judicial economy that is imposed in particular cases as a matter of discretion. It can be waived. It often is not applicable where actions are pending simultaneously in state and federal courts. In deference to principles of federalism, the doctrine against splitting is infrequently applied where a cause of action based upon *in personam* jurisdiction is split between state and federal court, the general rule being that each court is "free to proceed in its own way and in its own time without reference to the proceedings in the other court." *Kline v. Burke Constr. Co.*, 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922). Instead, the preference is to allow the first judgment on the merits to be pleaded as res

---

**1.** The pertinent statute of limitations is Bankruptcy Rule 4007(c):

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

The first date set for the meeting of creditors in this case was May 4, 1988. Sixty days thereafter was July 3, 1988, a Sunday. Since the last day

was a Sunday and the next day was a legal holiday, the limitations period extended to July 5, 1988. Bankr.R. 9006(a).

**2.** The second complaint is a verbatim copy of the first complaint.

**3.** Federal Rule of Civil Procedure 12(b) applies in adversary proceedings. Bankr.R. 7012(b).

judicata in the other. Nevertheless, it can be and is applied by federal courts in appropriate circumstances when a prior state action is pending. *Graziano,* 371 F.2d at 761–64.

■ The doctrine against splitting applies with its greatest force where, as in the case at bar, multiple lawsuits on the same cause of action are pending in the same court simultaneously. "There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket." *Sutcliffe Storage & Warehouse Co.,* 162 F.2d at 851.

That the court has the discretion to order consolidation pursuant to Federal Rule of Civil Procedure 42 instead of dismissal pursuant to the doctrine against splitting does not preclude it from dismissing where other factors make it inconvenient or inappropriate to consolidate.[4] *Sutcliffe Storage & Warehouse Co.,* 162 F.2d at 851. The circumstance of this court's order dismissing the first action, No. 288–0270, essentially contemporaneously with the filing of the present, identical action, No. 289–0053, as well as the issues involving the statute of limitations, make it inappropriate to consolidate.

Having failed to navigate around the doctrine against splitting, this adversary proceeding should be dismissed because it was filed in violation of that doctrine. Defendant filed a prompt motion to dismiss. It should be granted notwithstanding this court's dismissal of the prior action, which dismissal remains on appeal.

### 2. *Statute of Limitations.*

The statute of limitations is an equally difficult shoal for plaintiffs to avoid. It appears to be settled that the timely commencement of an action pursuant to Rule 3 of the Federal Rules of Civil Procedure serves to toll the statute of limitations for purposes of an action based on federal law.[5] *West v. Conrail,* 481 U.S. 35, 38–39, 107 S.Ct. 1538, 1541–42, 95 L.Ed.2d 32 (1987). This is such an action.[6] Nevertheless, there necessarily remain questions about application of the tolling.[7]

■ The issue in this case about application of the tolling is whether the tolling should be applied only for the purpose of activity within No. 288–0270, or whether it should be applied more expansively to authorize the commencement of other lawsuits, such as No. 289–0053. Otherwise stated, does a dismissal without prejudice under Rule 4(j) operate to nullify the tolling of the statute of limitations that was occasioned by the commencement of the action? The answer is, yes.

The longstanding practice under the Federal Rules of Civil Procedure, and under pre–1938 equity practice, was that the tolling of the statute of limitations is conditional upon the timely completion of service of process. *Linn & Lane Timber Co. v. United States,* 236 U.S. 574, 578, 35 S.Ct. 440, 441, 59 L.Ed. 725 (1915); 4 C. Wright & A. Miller, *Federal Practice and Procedure: Civil 2d* § 1056 (1987). Thus, failure to be diligent in serving process could nullify the tolling.

In enacting Rule 4(j), the Congress in effect created a (presumably rebuttable) statutory presumption that completion of service within 120 days constitutes diligence. *Id.* Longer periods might suffice without dismissal, but only upon a showing of good cause.

4. Federal Rule of Civil Procedure 42 applies in adversary proceedings. Bankr.R. 7042.

5. Federal Rule of Civil Procedure 3 applies in adversary proceedings. Bankr.R. 7003.

6. An action to determine dischargeability of debts is a federal cause of action created by 11 U.S.C. § 523, and Bankruptcy Rule 4007(c) is a federal statute of limitations, albeit created by the Supreme Court's rulemaking authority (28 U.S.C. § 2075), that is satisfied by the mere filing of a complaint within the limitations period.

7. The tolling lasted until my decision and order dismissing the case was entered on the docket by the clerk, which was the day after the new action was filed. A judgment is effective only when set forth in a separate document and entered on the docket. Fed.R.Civ.P. 58, *supplemented by* Bankr.R. 9021. *Cf., In re Allustiarte,* 848 F.2d 116 (9th Cir.1988).

Both the plain language of the statute and the legislative history confirm that the dismissal without prejudice was to leave the plaintiff in the same position as if the action had never been filed. *United States ex rel DeLoss v. Kenner Gen. Contrs., Inc.*, 764 F.2d 707, 710–11 (9th Cir.1985); 128 Cong.Rec. H9850–51 (daily ed. Dec. 15, 1982) (remarks of Rep. Edwards); 4 C. Wright & A. Miller at § 1056. Leaving the plaintiffs in the same position as if they had not filed, leaves them time barred.

There is no indication that the Congress altered the standing practice regarding the tolling as nullified by failure to be diligent in serving. This is confirmed by considering what might happen if the plaintiffs' theory in this case were correct. According to the plaintiffs' syllogism, one could file an action on the last possible day, not serve it, refile 119 days later, not serve, refile 119 days later, and so forth, until the end of time without becoming vulnerable to the defense of the statute of limitations. That proves too much and is not the law.[8]

A plaintiff who faces dismissal of an action for not serving within 120 days has a limited number of alternatives when there is an intervening statute of limitations problem. A plaintiff can convince the court to refrain from dismissing by demonstrating good cause. Fed.R.Civ.P. 4(j). If the problem is lack of personal jurisdiction, a plaintiff can seek transfer. 28 U.S.C. § 1406. A plaintiff can attempt to demonstrate in a subsequent action that there has been an equitable tolling, in actions where equitable tolling is recognized.[9] Finally, in actions in which a "savings statute" applies, plaintiff can rely upon such a savings statute.

Thus, reading Rule 3 in conjunction with Rule 4, I hold that the pendency of the initial adversary proceeding on this court's docket in a federal question matter did not toll the statute of limitations for the purpose of filing another, identical action in the same court 226 days after the commencement of the initial adversary proceeding. Instead, when the first adversary proceeding was dismissed without prejudice for failure to serve within the time specified in Rule 4(j), and there not being good cause for extending the time in which to serve, the conditional tolling that resulted from the initial timely filing was nullified. The parties were placed in the same position as if the first adversary proceeding had not been filed. Thus, the statute of limitations ran on July 5, 1988, 226 days before the adversary proceeding at bar was filed and 317 days before it was served.

An appropriate order will issue.

---

**8.** This conclusion also comports with a textbook proposition:

The defense of the bar of the statute of limitations applies strictly to the particular action to which it is pleaded, and hence, if that suit is not brought within the statutory period, the bar of the statute cannot be avoided by showing that another action had been brought within the period limited by the statute. 54 C.J.S. § 213 (1987).

**9.** A plaintiff may, of course, find it difficult to qualify for such equitable tolling where the apparent lack of diligence in serving the first summons and complaint led to dismissal.