The **RALEIGH INN, INC.,**
**Plaintiff–Appellant,**

v.

**BWAC LIQUIDATION CORPORATION**
**and Timothy G. Sellers,**
**Defendants–Appellees.**

**No. C–C–90–319.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Dec. 19, 1990.

E. Gregory Stott, Raleigh, N.C., for plaintiff-appellant.

Ernest S. DeLaney, III, Charles E. Lyons, Mary Catherine Holcomb, Charlotte, N.C., for defendant-appellees.

**ORDER**

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendants' motion, filed October 24, 1990,

to dismiss this appeal from the Bankruptcy Court. On November 27, 1990, Plaintiff filed a memorandum in opposition to Defendants' motion to dismiss.

On September 18, 1990, Plaintiff filed in the Bankruptcy Court a notice of appeal from orders entered by United States Bankruptcy Judge Marvin R. Wooten during a hearing conducted on September 10, 1990. Those orders granted Plaintiff's motion to set aside an entry of default, denied Plaintiff's motions to compel discovery and for partial summary judgment, and granted Defendants' motions for a protective order and summary judgment. The notice of appeal also makes reference to an order granting Defendants' motion compelling discovery and imposing sanctions dated July 30, 1990 and filed July 31, 1990. Even though the Orders were made in open court by Judge Wooten on September 18, 1990, a written order was not entered until October 4, 1990.

On December 5, 1990, this Court entered an order in accordance with Rule 8007(b) of the Bankruptcy Rules remanding Defendants' motion to dismiss back to the Bankruptcy Court until the record was completed. On December 13, 1990, the United States District Court Clerk received from the Bankruptcy Clerk the completed record. Accordingly, the Court believes that it can now address Defendants' motion to dismiss this appeal.

■ In support of the motion, Defendants state that Bankruptcy Rule 8002(a) provides in pertinent part that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgement, order, or decree appealed from." Defendants argue that since the written order in this matter was not filed until October 4, 1990, the notice of appeal should have been filed within ten (10) days of that date. Despite the notice of appeal being filed within eight (8) days of Judge Wooten entering an oral order from the bench, Defendants contend that the notice was filed untimely and that this Court does not have jurisdiction over the matters addressed in Judge Wooten's order of Octo-

ber 4, 1990. Thus, Defendants argue that the appeal should be dismissed.

As Defendants note in their motion, there is authority for the proposition that a notice of appeal is deemed timely if filed prior to entry of the order on the docket sheet. *See In re Allustiarte*, 848 F.2d 116, 117 (9th Cir.1988). The *Allustiarte* court found that since the order of the bankruptcy court was never entered on the docket, the time for filing a notice of appeal never commenced. *Id.; see also Norton Bankruptcy Law & Practice*, Rule 8002, at 729 (Callaghan 1990–91 ed.). However, Defendants contend that the Ninth Circuit in the case of *In re Sweet Transfer & Storage, Inc.*, 896 F.2d 1189 (9th Cir.1990) has since backed away from the holding of *Allustiarte*.

After reviewing the *Sweet Transfer* case, the Court believes that Defendants are correct in arguing that decision contradicts the *Allustiarte* decision. However, the court in *Sweet Transfer* did not mention the *Allustiarte* decision. Therefore, it appears to the Court that there is a split of authority in the Ninth Circuit over the issue of whether a notice of appeal filed *before* ten (10) days from the entrance of a written order is timely filed.

■ What is even more uncertain regarding this issue is the status of the law in the Fourth Circuit. The Court is unaware of any decision from a court in this Circuit interpreting when the time period begins to run for purposes of determining when the notice of appeal from a Bankruptcy order should be filed. The Court is reluctant, without legal support from this Circuit, to interpret the time period in the strict manner suggested by Defendants. Moreover, it is unclear to the Court the exact status of the law in the Ninth Circuit. Therefore, the Court believes that as long as the notice of appeal is filed before or ten (10) days after the entrance of a written Bankruptcy Order, the notice is timely filed for purposes of Rule 8002(a). Accordingly, the Court finds that Plaintiff filed its notice of appeal from the oral order entered by Judge Wooten on September 10, 1990 in a timely fashion.

As to the portion of the notice of appeal addressing Judge Wooten's order of July 31, 1990, the Court believes that this notice is untimely. It appears that those orders were appealable as interlocutory orders. Bankruptcy Rule 8001(b) requires that appeals of interlocutory orders be taken by filing a motion for leave to appeal. Plaintiff failed to timely file such a motion. Accordingly, the Court will grant Defendants motion to dismiss the appeal as to the July 31, 1990 order.

NOW, THEREFORE, IT IS ORDERED that Defendants' motion to dismiss the appeal of this matter is GRANTED IN PART (as to the July 31, 1990 order of Judge Wooten) and DENIED IN PART (as to the October 4, 1990 written order of Judge Wooten).