In re Alan L. HEINZ, Barbara J. Heinz t/a Blue Ridge Industries, Debtors.

LONGMEADOW MOTOR COMPANY, INC., Plaintiff,

v.

Alan L. HEINZ, Barbara J. Heinz, Defendants.

Bankruptcy No. 90–4–2404–PM.
Adv. No. 90–A–0296–PM.

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Aug. 29, 1991.

Arthur Schneider, Hagerstown, Md., for plaintiff.

Alan Cohen, Rockville, Md., for debtor-defendants.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

On July 9, 1991, this court issued an order directing plaintiff's counsel to appear and show cause (1) why the summons and notice of pre-trial proceedings should be reissued for a fourth time in this adversary proceeding and, if so, whether counsel should be held responsible for unreasonably multiplying the proceedings and should be directed to reimburse the Clerk for fees reasonably incurred because of counsel's conduct, and (2) why this adversary proceeding should not be dismissed upon the court's own initiative under Federal Rule of Civil Procedure 4(j), as made applicable by Bankruptcy Rule 7004(a). Plaintiff's counsel filed a response to the order to show cause, and a hearing was held on July 22, 1991.

This adversary proceeding was commenced on October 22, 1990. There was filed on behalf of Longmeadow Motor Company, Inc., a Petition (sic) To Determine Dischargeability of Debt. A chronology of summonses issued and reissued is as follows:

(1) The Clerk issued a summons and notice on October 30, 1990, setting the matter in for pre-trial conference on January 7, 1991.

(2) On January 4, 1991, counsel requested reissuance of the summons. The Clerk reissued the summons and scheduled a pretrial on March 21, 1991.

(3) On March 21, 1991, counsel requested reissuance of the summons. The Clerk reissued the summons and scheduled a hearing for May 23, 1991.

(4) At the hearing on May 23, 1991, counsel requested yet another reissuance of the summons. The Clerk reissued the summons and scheduled a pretrial for July 22, 1991.[1]

(5) On June 17, 1991, counsel requested a fourth reissuance of the summons. In response the court passed the above-referenced order to show cause.

Responding to the order to show cause, counsel described numerous attempts to serve debtors. Counsel explained that he hired a private process server in order to effect service on the debtors. The process server made three unsuccessful attempts. As further justification for reissuance, counsel stated that he contacted the attorney representing the debtors, Alan E. Cohen, Esquire, who, despite numerous requests, declined to accept service on behalf of the debtors. Finally, counsel concluded his response by stating that in an unspecified previous action against the debtors he had tried to serve them by mail service without success.

The file further reflects that counsel sought on January 15, 1991, to serve debtors by certified mail. That service was ineffectual because debtors' counsel was not served. Bankruptcy Rule 7004(b)(9).

## CONCLUSIONS OF LAW

Service of a summons and complaint in an adversary proceeding is governed by Bankruptcy Rule 7004. That rule provides in relevant part:

**Rule 7004. Process; Service of Summons, Complaint**

**(a) Summons; service; proof of service.** Rule 4(a), (b), (c)(2)(C)(i), (d), (e) and (g)-(j) F.R.Civ.P. applies in adversary proceedings. Personal service pursuant to Rule 4(d) F.R.Civ.P. may be made by any person not less than 18 years of age who is not a party and the summons may be delivered by the clerk to any such person.

**(b) Service by first class mail.** In addition to the methods of service authorized by Rule 4(c)(2)(C)(i) and (d) F.R.Civ. P., service may be made within the United States by first class mail postage prepaid as follows:

(1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.

\*    \*    \*    \*    \*    \*

(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in writing filed with the court and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.

\*    \*    \*    \*    \*    \*

---

**1.** On May 24, 1991, counsel filed a Line requesting reissuance which resulted in a duplicate summons being issued for the same July 22, 1991, hearing. This duplicate summons was valid for 6 days longer than the first summons. Nonetheless, with an additional 6 days, counsel failed to effect timely service.

**(f) Summons: time limit for service.** If service is made pursuant to Rule 4(d)(1)–(6) F.R.Civ.P. it shall be made by delivery of the summons and complaint within 10 days following issuance of the summons. If service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served.

While service by private process server and certified mail is certainly allowed under Rule 4(c)(2)(C)(i), as made applicable by Bankruptcy Rule 7004(a), counsel's refusal to take advantage of service by United States first-class mail and his failure to recognize it as a permissible method for obtaining service upon the defendants is inexplicable. Possibly, despite four reissuances and an order to show cause, counsel never familiarized himself with this rule. As is discussed below, such unfamiliarity has drastic consequences.

■ Rule 4(j) of the Federal Rules of Civil Procedure, as made applicable by the above-quoted Bankruptcy Rule 7004(a) pursuant to the 1987 amendments to the Bankruptcy Rules, provides:

**Rule 4. Process**

**(j) Summons: time limit for service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

Plaintiff's written response (D.E. 15) and counsel's oral commentary at the hearing held on July 22, 1991, provide insufficient basis for the reissuance of the summons. Counsel has insisted upon the use of a private process server and certified mail. Use of such procedures when service by first-class mail postage prepaid is available is tantamount to using a sledgehammer to kill a fly. Service could have been perfected effortlessly pursuant to Bankruptcy Rule 7004(b)(9). Counsel's failure to obtain service by more complex methods, when means to accomplish service were readily available, does not fulfill the requirement of a showing of good cause why service was not made.

■ Counsel's representation that he contacted the attorney for the debtors and that the attorney declined to accept service is irrelevant. Service of the summons is governed by the Bankruptcy Rules. The fact that defendants' counsel did not see fit to accept service on behalf of his clients has no impact upon the underlying duty to effect service. Counsel also asserted as a basis for reissuance the purpose of going forward with the action. Perhaps without realizing, counsel has hit upon an important but unpersuasive point. In this case the period for filing a complaint objecting to the dischargeability of a debt expired on October 22, 1990. Consequently, a dismissal of this action, even without prejudice, would effectively bar the plaintiff from obtaining any relief. However, as the Fifth Circuit stated in *McDonald v. United States,* 898 F.2d 466, 468, 16 Fed.R.Serv.3d 247 (CA5 1990), "[w]e have noted that Rule 4(j) dismissal is not unwarranted simply because the limitations period has run." 898 F.2d at 468 (citing *Winters v. Teledyne,* 776 F.2d 1304, 1307 (CA5 1985)).

■ Finally, counsel's representation that service by mail was attempted without success in an unspecified prior action is not helpful to his client's position. At hearing, counsel stated that he believes the debtors still live at the address listed in the petition and that there was no indication that they live elsewhere. Counsel's justifications for his failure to effect service are without merit and fail to do justice to the case of service provided by Bankruptcy Rule 7004.

Since the revision of the Bankruptcy Rules in 1987 so as to make applicable Rule 4(j), a number of bankruptcy courts have upheld the plaintiff's responsibility for prompt service of the summons and com-

plaint. The complaints have been dismissed, even in those cases involving the intervention of the time bar of Bankruptcy Rule 4007(c) after the filing of the original complaint. *Sears Roebuck & Co. v. Reeves* (*In re Reeves*), 127 B.R. 866 (Bkrtcy. S.D.Cal.1991) (creditor failed to show good cause in failing to complete service within 120 days; refiling was time barred, and adversary proceeding was dismissed with prejudice). *Stinnett v. Wilson* (*In re Wilson*), 104 B.R. 303, 14 Fed.R.Serv.3d 1365 (Bkrtcy.E.D.Cal.1989) (second time-barred complaint was dismissed where creditor had failed to demonstrate good cause in failing to properly serve initial adversary proceeding). *Styler v. Tall Oaks, Inc.* (*In re Hatch*), 93 B.R. 263, 18 BCD 1297 (Bkrtcy.D.Utah 1988) (plaintiff took no steps to serve defendant and proffered an unpersuasive explanation for the failure to act).

In evaluating the existence of good cause, the court looks to decisions which have attempted to shed light on the concept. In *Kersh v. Derozier*, 851 F.2d 1509, 1512, 11 Fed.R.Serv.3d 1505 (CA5 1988), the court explained,

> [g]ood cause ... would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice ... (citations omitted).

■ In *In re Somar Concrete*, 102 B.R. 44, 48, 21 Coll.B.C.2d 214 (Bkrtcy.D.Md. 1989), this court adopted the definition of excusable neglect set forth in *In re Manning*, 4 BCD 304, 305 (D.Conn.1978) (Excusable neglect is "the failure to timely perform a duty [that] was due to circumstances beyond the reasonable control of the person whose duty it was to perform.") *See also In re Davis*, 108 B.R. 95, 22 Coll.B.C.2d 6 (Bkrtcy.D.Md.1989). The explanations provided by counsel for his failure to timely effect service within the 120-day period do not amount to circumstances beyond his reasonable control. *See generally Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (CA4 1973). In looking to the dismissal of a complaint for failure to serve the summons within 120 days, the courts look to the reasonableness and the diligence in the efforts to serve the papers. *Quann v. Whitegate–Edgewater*, 112 F.R.D. 649, 6 Fed.R.Serv.3d 193 (D.Md. 1986). As described in Wright & Miller, *Federal Practice & Procedure* § 1137 (1987),

> The 120–day limit on service endorsed by both the Congress and the Supreme Court reflects the modern trend of encouraging more efficient litigation by reducing the time between the institution of an action and service of process ... In that sense, Rule 4(j) attempts to harmonize the open-door policy of the federal court system and the mandate in Rule 1 for the "just, speedy, and inexpensive determination of every action."

This language is especially appropriate in bankruptcy cases where the debtor seeking a fresh start needs to get on with life free of the burdens that caused the bankruptcy. It is for this reason that the Bankruptcy Rules provide the 60–day period of Rules 4004 and 4007 within which to initiate adversary proceedings to object to discharge or the dischargeability of a debt.

■ The absence of any answer or other pleading by the defendants waiving the defense provided under Rule 4(j) leaves the court with discretion to act on its own initiative. *Pusey v. Dallas Corp.*, 938 F.2d 498, 501, n. 4 (CA4 1991), citing *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317, 16 Fed.R.Serv.3d 988 (CA11 1990); *Kersh v. Derozier*, 851 F.2d 1509, 1511–12, 11 Fed.R.Serv.3d 1505 (CA5 1988), and *United States v. Gluklick*, 801 F.2d 834, 837, 5 Fed.R.Serv.3d 906 (CA6 1986). In raising the issue of Rule 4(j) *sua sponte*, the court was careful to ensure that the plaintiff had notice and an opportunity to be heard on the issue.

Rule 4(j) of the Federal Rules of Civil Procedure requires the dismissal of an action if service is not made upon the defendant within 120 days after the filing of the complaint. *Norlock v. City of Garland*, 768 F.2d 654, 2 Fed.R.Serv.3d 1102 (CA5 1985); *Powell v. Starwalt*, 866 F.2d 964, 12 Fed.R.Serv.3d 1344 (CA7 1989) (dismissal

mandatory absent showing of good cause). There being no showing of so much as a scintilla of good cause, the complaint will be dismissed.

Consequently, the court will deny counsel's request for a reissuance and will dismiss the action pursuant to Fed.R.Civ.P. 4(j). An order will be entered in accordance with the foregoing.