951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re STEPHEN-DAVID CORP., Debtor.
Joseph RAE, an officer of the Stephen-David Corporation, Appellant,
v.
CYPRUS MINES CORP., Appellee.
 No. 91-15602.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1991.*
Decided Dec. 20, 1991.
 
 Before HUG, CYNTHIA HOLCOMB, HALL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Joseph Rae appeals the Ninth Circuit Bankruptcy Appellate Panel's order dismissing his appeal from an order of the United States Bankruptcy Court for the District of Arizona. The panel dismissed the appeal because Appellant's Notice of Appeal was filed outside the ten days allowed for filing notices of appeal under Bankruptcy Rules 8002(a) and 9006. We affirm.
 
 
 3
 * Appellee Cyprus Mines Corporation is a secured creditor of Debtor, the Stephen-David Corporation. After Debtor filed a petition for relief under 11 U.S.C. §§ 101 et seq, Appellee filed a petition for relief from the Bankruptcy Code's automatic stay against lien enforcement. On January 10, 1991 the United States Bankruptcy Court for the District of Arizona docketed its order granting that relief. On February 8, 1991, Joseph Rae, an officer of Debtor, filed a notice of appeal from that order. On April 2, 1991, a Ninth Circuit Bankruptcy Appellate Panel dismissed the appeal as untimely.
 
 II
 
 4
 This court reviews a decision of a bankruptcy appellate panel de novo. Vanderpark Properties v. Buchbinder, In re Windmill Farms, Inc., 841 F.2d 1467, 1469 (9th Cir.1988).
 
 III
 
 5
 Bankruptcy Rule 8002(a) requires that a notice of appeal "be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." The clock begins to run when the order is docketed. Allustiarte v. Hauser, In re Allustiarte, 848 F.2d 116, 117 (9th Cir.1988). The untimely filing of a notice of appeal defeats jurisdiction over the appeal. Green v. United States (In re Souza), 795 F.2d 855, 857 (9th Cir.1986).
 
 
 6
 The bankruptcy court's order was dated January 9, 1991 and it was docketed on January 10. Appellant filed his notice of appeal on February 8, 1991, 19 days after the expiration of the 10 day limit.
 
 
 7
 Appellant claims that "extenuating circumstances" prevented him from timely filing his notice of appeal and that the bankruptcy panel erred "in dismissing Appellant's appeal without a hearing as to the reasons for said untimeliness of filing said appeal." The "extenuating circumstances" revealed in Appellant's affidavit filed in the bankruptcy court were nothing more than his failure to adequately monitor the bankruptcy court's docket. It was Appellant's responsibility to keep himself apprised of the bankruptcy court's action in his case. His failure to do so does not excuse him from compliance with the ten day rule. "[P]arties must monitor the dockets to inform themselves of the entry of orders they may wish to appeal.... The fact that it [is] inconvenient for them to monitor the court's docket is not an excuse." Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.), 896 F.2d 1189, 1193 (9th Cir.1990).
 
 Conclusion
 
 8
 The order of the bankruptcy appellate panel is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3