953 F.2d 639
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Harrell POWELL, Jr., individually and trading as attorney at law,
Ann Marie BRITT, Plaintiff-Appellant,
v.
W. Joseph BURNS, Trustee for Harrell Powell, Jr.,
individually and trading as attorney at law,
Defendant-Appellee.
 No. 90-1890.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 17, 1991.
Decided Jan. 29, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CA-90-222-2)
 Ann Marie Britt, appellant pro se.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINSON and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ann Marie Britt appeals from the district court's order affirming the bankruptcy court's order denying her motion to rescind a prior order approving the sale of a judgment which was an asset of a debtor's estate. We affirm.
 
 
 2
 Harrell Powell, Jr., held a judgment against Britt in the amount of $5625 at the time he filed a petition under Chapter 7 of the Bankruptcy Code in 1986. The trustee, pursuant to an order of the bankruptcy court authorizing the sale, sold the judgment (as an asset of the estate) in 1988 for $1000 to Harry Eubanks. In February 1990 Ms. Britt filed a motion in the bankruptcy court to have this order rescinded on the basis that she was not notified of the sale. By order dated April 20, 1990, the bankruptcy court denied the motion, finding that "there must be finality to all Orders and certainly after one and a half years and the complete administration of the case, the Court does not believe the prior Order should be set aside in this case." Ms. Britt filed her notice of appeal on March 19, 1990. The district court affirmed on the reasoning of the bankruptcy court, and also noted that the appeal was untimely.* Britt appeals.
 
 
 3
 The Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The phrase "after notice and a hearing" is defined as "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(a). The Bankruptcy Rules provide that:
 
 
 4
 the clerk ... shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of ... (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice.
 
 
 5
 Bankr.R. 2002(a). Because Britt was not a debtor, trustee, creditor, or indenture trustee, she was not entitled to notice.
 
 
 6
 Further, Britt has not alleged any personal harm as a result of the sale. Britt does not dispute the debt or the amount owed. She argues that the debtor's estate was harmed by the sale of the judgment for a price far less than its face value. However, only creditors of the estate would have standing to bring such a claim because they would be the only parties harmed.
 
 
 7
 In addition, Britt argues that had she been given notice she could have purchased the judgment for some amount in excess of the $1000 paid by Eubanks, but less than the face amount of the judgment. In other words, Britt contends that she should have been given the opportunity to improve her position. We are not aware of any authority in the Bankruptcy Code which supports this proposition. Britt is in no worse position than she would have been had Powell never declared bankruptcy. Therefore, we find that she has suffered no harm.
 
 
 8
 Accordingly, the order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 *
 We note that Britt's appeal from the bankruptcy court was timely. See In re Allustiarte, 848 F.2d 116 (9th Cir.1988)