962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re James MILLER, Jr.; In re Pamala F. Miller, Debtors.
James MILLER, Jr.; Pamala F. Miller, Appellants,
v.
LINCOLN TITLE COMPANY; United States Trustee, Appellees.
 No. 91-55825.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 11, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Miller, Jr. and Pamala F. Miller appeal pro se the Bankruptcy Appellate Panel's (BAP) dismissal of their appeal as untimely under Bankruptcy Rule 8002(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 Bankruptcy Rule 8002(a) requires that a notice of appeal "be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." See Bankr.R. 8002(a). The timely filing of a notice of appeal is jurisdictional. Allustiarte v. Hauser (In re Allustiarte), 848 F.2d 116, 117 (9th Cir.1988).
 
 
 4
 Here, the 10-day period began on May 15, 1987 when the bankruptcy court's order was entered. The Millers' notice of appeal was filed on May 28, 1987, the thirteenth day after entry of the order. Consequently, their appeal to the BAP was untimely. See Bankr.R. 8002(a) (10-day period); Bankr.R. 9006 (time computation rule); In re Souza, 795 F.2d at 857 (requiring strict compliance with Rule 8002(a)'s 10-day provision).[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, the Millers contend that the BAP erred by not construing their untimely notice of appeal together with their July 23, 1987 "Nunc Pro Tunc" motion as a motion for an extension of time under Bankruptcy Rule 8002(c). This contention lacks merit
 Even if the BAP had construed these motions as a motion for an extension of time, Rule 8002(c) specifically precludes such requests if the order sought to be appealed "dismisses a case." See Bankr.R. 8002(c). Because the May 15, 1987 order, which the Millers sought to appeal, dismissed their bankruptcy proceeding, Rule 8002(c) cannot be used to extend the time for filing their notice of appeal. See id.